## J. & H. H. WHITE *vs.* JOHN JOHNSON.

The act of the 24th of February, 1844, amendatory of the several acts of limitations, repealed only so much of the former acts as was entirely inconsistent with its terms and purposes.

The 94th section of the act of 1822, (Hutch. Code, 825, § 7,) containing a saving clause in favor of minors, *femmes covert*, and insane persons, in certain classes of actions, was not repealed by the act of 1844, and is still in full force.

A series of acts upon the same subject are to be construed as a whole; and where, in a subsequent statute, there is no express repeal of a former, the former statute will not be held to be repealed by implication, unless there be a plain and unavoidable repugnancy between them.

THIS was an action of trover brought in the circuit court of Yazoo county, to recover the value of a slave claimed by plaintiffs.   The suit was instituted in March, 1848, and defendant plead, not guilty, and the statute of limitations of

three years. To the second plea, the plaintiffs replied, that they were infants when the cause of action accrued, and so continued until within three years next before the commencement of the suit. The defendant demurred generally, and the court sustained the demurrer; the plaintiffs refusing to plead further, judgment was rendered for defendant, from which decision of the court the plaintiffs prayed a writ of error.

*W. R. Miles*, for plaintiff in error.

This is an action in trover to recover certain slaves. The defendant plead.

1. Not guilty.
2. The statute of limitations.

An issue was made upon the first plea. To the second, the plaintiff replied they were minors at the time the cause of action accrued, and so continued until within three years next before suit brought.

To this replication the defendant demurred, and the court sustained the demurrer, giving judgment thereon for the defendant, and this judgment is the error complained of.

The only question for consideration is a construction of the 4th section of the act of 1844.

By the act of 1822, there is an express saving of the rights of minors, giving them a certain time after their arrival at full age within which to enforce them.

Does the 4th section of the act of 1844, alter the rule, and deny the right?

It will be observed that the act of 1844, only purports to be an amendment of the several acts of limitation theretofore in force. It is not a new code, but simply an amendment of the old one, and does not, *ipso facto*, abrogate all other laws upon the same subject; but only repeals such as come in conflict with it.

By the 4th section of the act of 1822, six years are allowed within which to sue in trover; " and not after," and the 7th section contains the saving in behalf of minors. See Revised Code, 184, section 4 and 7.

The act of 1827 shortened the period to three years, " and not after." The act of 1828, repealed the act of 1827, and revived the act of 1822; and this act was in force when the act of 1844 was passed. And the question now is, Does the act of 1844 entirely repeal the act of 1822, or does it only modify it in certain particulars?

To reach the merits of this controversy, recourse must be had to the rules for construing statutes, and among them are the following, to wit:

1. It is an established rule of law, that all acts in *pari materiâ* are to be taken together as if they constituted one law.

2. That, if any thing contained in a subsequent statute be within the reason of a former statute, it shall be taken to be within the meaning of that statute. 6 Bac. Abr. 382, let. J. fig. 3.

It is manifest that if all the acts from 1822 to 1844 be taken together and " construed as one law," the saving in favor of minors is in full force.

It is quite plain, too, that the right of action given by the act of 1844, is within the " reason " of the act of 1822, and must be taken to be within its " meaning ; " and therefore carries the saving in behalf of minors along with it.

3. It is a maxim of the law, that an affirmative statute does not take away the common law. 6 Bac. Abr. 376, letter G.

The 4th section of the act of 1844 is affirmative, and does not therefore take away the pre-existing rights of these plaintiffs. For if an affirmative statute does not take away the common law, by parity of reason an affirmative statute will not take away the pre-existing statutory rights of persons, and the saving made in behalf of minors, by the act of 1822, is therefore still in force.

The 18th section of the act of 1844, does not oppose this construction. For as the 4th section of the act of 1844 does not negative the pre-existing right of minors fixed by the act of 1822, there is nothing in the act of 1822 conflicting with the said 4th section in regard to such rights.

*R. S. Holt,* for defendant in error.

This was an action of trover brought in the circuit court of Yazoo county, to recover the value of certain negro slaves claimed by the plaintiffs. The suit was instituted in March, 1848. The defendant plead,

1. Not guilty, and concluded to the country.

2. The statute of limitations of three years.

To the second plea, the plaintiffs replied, that they were infants when the cause of action accrued, and so continued until within three years next before the commencement of the suit.

To this replication the defendant demurred generally. The court sustained the demurrer, and the plaintiffs refusing to plead further, judgment was rendered for the defendant, and the suit dismissed.

The only question of course is, Did the court err in sustaining the demurrer?

The decision of this question depends upon the construction to be given to the 4th section of the act of 1844, which contains the limitation of the action of trover, relied on by the defendant in his plea.

In the first place, however, it is proper to remark, that the pleadings in this case do not allege, nor does it in any way appear that the cause of action arose prior to the passage of the act of limitations of 1844. The suit was instituted more than four years after the passage of that act. The case is therefore to be decided, as arising under the act of 1844, and the question of what would have been the operation and effect of that act, upon the rights of the parties, had the cause of action arisen before the passage of that act, and while the act of 1822 was in force, does not arise. This last question arose, and has been discussed by me in my brief, in the case of *Simmons et al.* v. *Pickett,* on the docket of this court at its present term.

In that case I endeavored to show, and I think succeeded, that the act of 1844 operated on causes of action existing prior to its passage, as well as those accruing subsequently, except in cases in which the action would be earlier barred

under the act of 1822, than under the act of 1844, in which case the 18th section of the latter act secures to the defendant the benefit of the old statute. But, as remarked, that question does not arise in this case, and will not now be discussed.

The 4th section of the act of 1844, limiting the action of trover to three years, contains no proviso, excluding infants from its operation. Nor is there any such clause of exclusion, extending to the actions enumerated in the 4th section, to be found in any other part of the act. The limitation on the action of trover being general, and in its terms embracing infants as well as adults, and there being in the act, no provision expressly exempting infants from the limitation, they are not, by a settled and familiar maxim on this subject, to be excluded by construction. As the legislature failed to exempt them from the operation of a limitation so general, as to embrace them equally with adults, the courts cannot modify the law for their benefit.

But it was insisted in the court below, and the position will doubtless be taken here, that the section of the act of 1822, exempting infants from the operation of the limitations prescribed in that act, is not repealed by the act of 1844, but remains in force, and is to be construed as qualifying and restricting the general limitation prescribed in the 4th section of the act of 1844.

This position seems to me, to be wholly destitute of even plausibility.

1. The 18th section of the act of 1844, expressly repeals all acts and parts of acts inconsistent with the provisions of that act. The section of the act of 1822, excluding infants from the operation of the limitations prescribed, is directly contrary to, and inconsistent with, the 4th section of the act of 1844, which includes them in its general terms, and is therefore thus expressly repealed. The inconsistency of these two provisions is too flagrant almost to admit of illustration by argument. The section of the act of 1822 referred to, says, in effect, that "Infants shall not be limited to three years for the institution of an action of trover, but they shall have three years, within

White v. Johnson.

which to enforce the claim after they attain their majority."
The 4th section of the act 1844, says in effect, " Infants shall
institute the action of trover within three years after the right
of action accrues, or they shall be barred." These two pro-
visions cannot, it is manifest, stand together.

2. The legislative intention not to exempt infants from the
limitations prescribed in the 4th section of the act of 1844, is
shown by the fact, that they are expressly exempted from limi-
tations prescribed in other sections of the same act. If the
intention was to except them from the operation of the gen-
eral limitation prescribed in the 4th section, why was not that
intention expressed in the same manner as a like intention in
relation to the limitations contained in other sections of the
act? Or if it was intended to leave the provision of the
act of 1822, in force, so as to control and restrict the general
operation of the 4th section of the act of 1844, why was it not
left to perform the same office in relation to the other sec-
tions of that act? If it was thought necessary to re-enact
and incorporate this provision of the act of 1822, in the other
sections of the act of 1844, why was not the same thing done
in the 4th section of that act?

3. The act of 1844 is manifestly a complete revision of the
statute of limitations of 1822. It covers precisely the same
ground, and embraces the same field of legislation.

On this subject it is a well established rule, that where a
portion of a revised statute is dropped or omitted in the revis-
ing statute, it is not to be revived by construction, but is to be
considered as annulled. 1 Pick. 43, 45, 154; 9 Ib. 97; 1 Ash-
mead, 179; 3 How. U. S. R. 363.

Under this rule, this provision of the act of 1822 would be
considered as " annulled," even though it had not been ex-
pressly repealed by the 18th section of the act of 1844.

We, for these reasons, think that the judgment of the circuit
court should be affirmed.

Mr. Justice CLAYTON delivered the opinion of the court.

The only point in this case is, whether since the statute of
1844, amendatory of the acts of limitations, there is any saving

of the rights of infants, whose suits have not been brought within the time limited by that act. The question arises in an action of trover.

The act of 1844 does not contain the usual saving clause in favor of those who labor under disabilities; the doubt, therefore is, whether the saving in the previous acts is still in force, or has been repealed.

It may be first observed, that the statute of 1844 does not purport to introduce an entirely new series of enactments, and to be a perfect and complete system within itself. It only professes to be an amendment and modification of the former acts on the subject. It shortens the period of limitation in regard to most actions, and contains a clause repealing " all acts and parts of acts in conflict with, and contrary to, its provisions."

Then the question is, Whether the 94th section of the act of 1822, H. & H. 569, which contains the usual saving clause, is repealed, or is still in force. A series of acts upon one subject, are to be construed as one whole; and where in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there be a plain and unavoidable repugnancy between them. See *Planters Bank* v. *The State*, 6 S. & M. 628. In this instance there is no express repeal of the saving clause, nor is there any such conflict between the provisions of the act of 1844 and the saving clause, contained in the previous act, as makes a repeal by implication necessary. It is certainly a more just exposition of the intention of the legislature, to hold the previous saving clause to be in force, than to decide that it was their intention to cut off a class of rights, which have generally appeared to be the especial objects of their care and favor. A total change of policy in this respect, without any conceivable reason, cannot be presumed. These considerations could have no weight if a contrary intention had been expressed, but in the absence of such expression they are entitled to influence.

The court below sustained the demurrer to the replication of infancy in this case, and gave judgment for the defendant.

This was error, for which the judgment must be reversed and the cause remanded for further proceedings.

Judgment reversed.