# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI.

## OCTOBER TERM, 1873 AND APRIL TERM, 1874.

———•———

### PETER A. PONS *v.* THE STATE.

1. CRIMINAL LAW—INDICTMENT—TAX ON PRIVILEGES.—The act of July, 1870, imposed a tax on privileges, as follows: "On each and every licensed vendor of vinous or spiritous or malt liquors, two hundred dollars." Section 6 imposes a tax on other privileges, and provides: "That no tax shall be required of any person who may have obtained a license according to law, until after the expiration of the term for which such license may have been heretofore granted." The section requiring the tax to be paid, provides: "That the tax-payer shall take the tax collector's receipt for the same," which receipt he shall file with the clerk of the chancery court, &c., and take the certificate of the clerk; and the person exercising such privilege, without such compliance, shall be guilty of a misdemeanor, and may be punished by a justice of the peace or in the criminal court, and may be fined or imprisoned, or both.

2. SAME—REPEAL OF STATUTE—CASE IN JUDGMENT.—The revenue law of 1871 differs in many respects from the law of 1870. It imposes no tax on the sale of liquors, nor does it contain any words of repeal or amendment of prior laws, or equivalent words. The law does not favor the repeal of a statute by implication, and the rule is, that when a repeal by implication is allowed the extent of the repeal will be only so far as there is a plain and manifest repugnancy between the two statutes. White v. Johnson, 23 Miss., 68. When a subsequent statute contains nothing restricting the general terms used in it, effect must be given to such terms according to their plain meaning, and if, when so construed, the statute is repugnant to a former statute, the latter is repealed to the extent of the repugnancy. Southern R. R. Co. v. City of Jackson, 9 Geo., 334; 30 Miss., 583; 36 Ib., 669.

3. SAME—SAME.—The law of 1871 containing no words of repeal, alteration or amendment of former statutes, except as to tax on licensed hotels and taverns, but, as to the provision relating to the tax on licensed vendors of vinous, spiritous or malt liquors, the act of 1871 is wholly silent, and the law of 1870 on this subject remained in force.

4. EVIDENCE.—Proof of the issuance of license discussed.

Error to the circuit court of Jackson county. Hon. GREEN C. CHANDLER, Judge.

The opinion of the court contains a full statement of the case

The following are the assignments of error:

1st. The record does not show that there was a grand jury impaneled at the February term, 1872, of the circuit court of Jackson county.

2d. The record does not show that the indictment was ever found and returned into court by a grand jury impaneled according to law, or by any grand jury.

3d. The indictment as found charged the plaintiff in error with no offense against or known to the criminal laws of the State.

4th. The court erred in overruling the motion for a new trial.

5th. The court erred in overruling the motion in arrest of judgment.

6th. The judgment of the court is contrary to law.

*W. L. Nugent*, for plaintiff in error, argued the case orally.

*G. E. Harris*, Attorney General for the State.

1. The defects in the record assigned as error have been cured by certiorari. See Amended Record.

2. This is an indictment for retailing vinous and spiritous liquors in less quantities than one gallon, alleging in substance the failure of the defendant to perform the conditions required of vendors of spiritous liquors, by the provisions of sections 4 and 6 of the "act to raise revenues," &c., approved July 9, 1870. This act imposed upon the State the burden of proving that the defendant had not paid the tax on the

privilege and had not deposited his receipt therefor with the chancery clerk, taking therefor his certificate to that effect. This act, we insist, changed the whole law applicable to licenses, and rendered them ineffectual without a compliance with the provisions of this act. Pamph. Acts of 1870, pp. 28–30.

3.  This comes under the provisions of section 2863 of the revised code of 1871.

TARBELL, J., delivered the opinion of the court:

The plaintiff in error was indicted at the February term of the Jackson county circuit court, 1872, for selling vinous and malt liquors, in 1871, without paying the privilege tax on his license, which he is charged in the indictment to have had at the time of such sale. There was an issue and trial, resulting in the conviction of Pons, whereupon the court imposed a fine of $400. From that verdict and judgment, Pons prosecuted a writ of error.

The first and second causes assigned for error are based on the record, which has since been amended, and the defects cured.

The remaining causes of error are as follows:

" 3.  · The indictment as found, charged the plaintiff in error with no offense against, or known to the criminal law of this State.

" 4.  The court erred in overruling the motion for a new trial.

" 5.  And in overruling the motion in arrest of judgment.

" 6.  The judgment of the court is contrary to law."

Of the fact of selling, no question is made, but it is submitted, that the mode of proving that the accused had a license was illegal, and that the law imposing the privilege tax, (for the non-payment of which the accused was charged) and making such non-payment a misdemeanor, had been repealed by the act of May 13, 1871.

The revenue law of the State, approved July 9, 1870, (c. 4, laws of 1870, p. 24) imposes a "tax on privileges," as follows:

"On each and every licensed vendor of vinous, spiritous or malt liquors, two hundred dollars." (Sec. 4.)

Section 6, enacts, "That all keepers of inns, taverns, hotels, restaurants, and all vendors or vinous, spiritous or malt liquors, in quantities less than one gallon, including all druggists who may so sell such liquors, shall first obtain a license so to do, in the manner now provided by law ;" but, "*provided further*: That no license shall be required of any persons who may have obtained a license according to law, until after the expiration of the term for which such licenses may have been heretofore granted." Another section requires the tax to be paid "to the tax collector of the proper county," and that the tax payer shall take "the tax collector's receipt for the same, which receipt he shall file in the office of the clerk of the chancery court of said county, and said clerk shall give him in lieu thereof a certificate, under the seal of said court, that said tax has been paid for one year from the date of said receipt." And it is further enacted, that, "if any person shall exercise in this State any of the callings, trades or professions enumerated" in this act, "without first paying the tax therein imposed, and procuring the certificate of the clerk of the chancery court thereby required," he "shall be deemed guilty of a misdemeanor, and in addition to any other penalties imposed by law, such person so offending shall be subject to arrest, and on conviction," either " before any justice of the peace," or in the "circuit court," (upon which are conferred "concurrent jurisdiction to punish, on indictment and conviction,") "shall be fined not less than double the tax imposed," or he may be "imprisoned in the county jail not exceeding six months," or, "in the descretion of the court," he may " be punished by both fine and imprisonment."

On the 13th day of May, 1871, another revenue law was approved, (Laws of 1871, p. 816,) different in many respects from the law of 1870. By this statute, a tax of fifty dollars is imposed " on all licensed inns, taverns and hotels, in cities or towns of five thousand inhabitants and over; in towns of

over two thousand and under five thousand inhabitants, twenty-five dollars; and on all others ten dollars;" but no tax is imposed on the sale of liquors, nor does this act contain any words of repeal or amendment of prior laws, or equivalent words.

On the trial, to prove that Pons was a licensed vendor of liquors, the District Attorney offered to read in evidence from the records of the board of supervisors, wherein it is entered that Pons filed his petition for such license; that the board ordered that the license be granted, and directed the clerk of the board to issue it. The clerk of the board was offered as a witness to prove the issuance of the license in obedience to the order of the board.

To all this evidence the defendant objected, on the ground that the license could not thus be shown, but that the license itself must be produced, or a foundation laid for parol proof by notice to produce it.

This objection was overruled, and the defendant excepted. The objection was also interposed, in several modes, that the law of 1870 was repealed by the act of 1871; that by the latter statute there is no tax on the sale of liquors, nor any penalty for its sale.

Upon these two objections and exceptions to the rulings of the court thereon, the plaintiff in error rested his case in the court below. And upon these points he asks the judgment of this court.

The case presented is briefly this: The defendant was convicted of selling in the month of September, 1871. There was no contest as to the fact of selling in that month. It also appeared that the special tax for the privilege had been paid to August 31, 1871, but not for any period after that date. If the records of the board of supervisors are accepted as proof of the fact, Pons held a license for the trade extending to the close of the year 1871, if not to February, 1872, the precise date of which is not given.

On both the points on which the judgment of this court is sought, the law is held to be adverse to the plaintiff in error.

The manner of proving that a license had been issued to Pons may be sustained as correct on either of several grounds.

In the first place, upon general principles, the objection is too technical. Except in a general sense, it was not offered to prove the contents of the license. In truth, literally, parol evidence of its contents was not proposed. Nor was any specific part or portion of the license questioned or sought to be construed. It was referred to, rather, in the nature of a description, or designation, as we speak of a deed, contract, note, letter, lease, etc., where neither the character or contents of the writing, its existence being established, are disputed. But, without attempting an unauthorized distinction, or to state any rule, or to indulge in any criticism on the law of evidence, in the particular indicated, the suggestion that the objection referred to is too technical, will be illustrated directly.

The question may be likened to the proof of the appointment of an officer to whom a commission is issued, or to the grant of letters of administration by the court of probates. The record of the appointment of the one without the production of the commission, and of the grant of administration without the production of the letters, must certainly be sufficient. If, however, we are wrong in either or both the foregoing positions, another rule may be stated, decisive of this point.

It is the doctrine of the text writers, and of adjudicated cases, that the principle of the rule which requires that a party shall have previous notice to produce a written instrument in his possession, before the contents can be proved as evidence in the case, will not apply to cases where, from the nature of the proceeding, the defendant has notice, that the plaintiff means to charge him with the possession of the instrument.

2 Phil. on Ev., with C. & H.'s & E.'s notes, c. 7, p. 539. And this rule is applied in both civil and criminal proceedings. 14 East, 274; 4 Launt, 865; 5 Barn. & Cress., 394

6 Sergt. & Rawle, 154; 4 Wend., 626; 1 Camp., 143; 7 Wend., 198; 13 Johns., 90; 1 Binn., 273; 2 Sergt. & Rawle., 494; 2 Leigh, 701; 1 Bald., 519; 1 Starkie on Ev., 360, 3 ib., 1044, Et. seq. and notes.

But the correctness of the ruling of the court below may be sustained and illustrated, as in Owings v. Wyant, 1 Har. & McHur., 393, where parol evidence was held admissable to prove the defendant to be an inn-keeper, in an action against him as such, although his license as such was a matter of record, or, in Widdifield v. Widdifield, 2 Bin., 245, where parol proof of the existence of a partnership was allowed, though there were written articles of partnership.

See also, 9 Mass., 312; 5 ib., 427; 11 ib., 477; 5 Day, 175; 1 ib., 100; and Gratz v. Wilson, 1 Halsted's R., 419, wherein parol evidence was admitted to prove the defendant to be a judge.

As to the other question, there is no repeal of the law of 1870 by the law of 1871, in terms. As to a repeal by implication, the portions of the former not included in the latter, are in no respect inconsistent with or repugnant to the spirit and policy of the law of 1871, nor to any section or paragraph thereof.

The law does not favor the repeal of a statute by implication, and the rule is, that when a repeal by implication is allowed, the extent of the repeal will be only so far as there is a plain and manifest repugnancy between the two statutes. White v. Johnson, 23 Miss., 68. And, where a subsequent statute contains nothing restricting the general terms used in it, effect must be given to such terms according to their plain meaning; and if, when so construed, the statute is repugnant to a former statute, the latter is repealed to the extent of the repugnancy. Southern R. R. Co. v. City of Jackson. 9 Miss., 334. See also 30 Miss., 583; 36 ib., 669; 8 S. & M., 9; 6 ib., 628; 44 Miss., 808.

In the analysis of the law of 1871, heretofore given, it has been shown that it contains no words of repeal, alteration or amendment of former statutes. As to the tax on "licensed

inns, taverns and hotels," under the rule stated, the law of 1870 is repealed ; but as to the provisions relating to the tax on licensed vendors of vinous, spiritous or malt liquors, the act of 1871 is wholly silent, and the law of 1870, on this subject, remained in force. And this interpretation of these statutes is understood to have been acted upon throughout the State, and by the financial departments of the State government. The leading features of these and prior statutes have been carried forward and re-enacted in the Code, which went into operation October 1, 1871.

Judgment affirmed.