## Ex parte D. C. McInnis.

[54 South. 260.]

1. Constitutional Law. *Criminal law. Imprisonment for debt. Cost. Laws of 1908, chapter 168. Code 1906, § 870. Repeals.*

The Constitution of 1890, § 261, expressly provides that defendants in case of conviction, may be taxed with the cost, and this court has decided that the cost of prosecution is not a debt within the meaning of section 30 of the Constitution, prohibiting imprisonment for debt.

2. Laws 1908, Chapter 109 and 162, Constitution 1890, Section 28.

Section 2 of chapter 109 of Laws 1908, providing for confinement until payment of fines and cost is not unconstitutional as providing for "unusual punishment in violation of Constitution 1890, sec. 28, or Constitution of the United States, Amendment 8, because under the Laws of 1908, chapter 168, a county convict cannot be confined for more than two years for non-payment of fine and cost.

3. Same.

Nor are these statutes unconstitutional under Amendment 14, Constitution United States, as denying the equal protection of the law.

4. Criminal Law. *Repeal. Statute.*

That part of chapter 168, Laws 1908, prohibiting confinement of county convicts for more than two years for non-payment of fines and cost, was not repealed by Laws 1908, chapter 109 providing or confinement until payment of fine and cost by convict, but so far as other provisions of the first act conflicts with the last act they are repealed.

5. Same.

A series of acts upon one subject are to be construed as one whole; and where in a subsequent statute, there is no express repeal of a former, the courts will not hold the former to be repealed by implication unless there be a plain and unavoidable repugnance between them.

Appeal from the circuit court of Simpson county. Hon. W. H. Hughes, Judge.

Petition for *habeas corpus* by D. C. McInnis. From a judgment denying same he appeals.

The facts are stated in the opinion of the court.

*May & Saunder,* for appellant.

On this record we do not deem it necessary to enter upon an extended discussion of the facts since there is no dispute about the facts and to all intents and purposes the question is before the court as though a demurrer had been sustained to the petition. The petition was convicted in the circuit court of Simpson county for certain embezzlements committed by him during the year 1907 while sheriff and tax collector of that county, and sentenced to serve a term of one year's imprisonment and to pay the costs as provided by law at the time of the commission of the offense of which he was convicted. The petition shows that the term of imprisonment had been served by the petitioner and that he is now being deprived of his liberty in default of the payment of the costs amounting to about twelve hundred dollars, which costs he is unable to pay because of his poverty and which he is unable to work out because of his physical infirmities. The effect of this imprisonment for life.

On this state of facts we contend on behalf of the petitioner that his confinement violates sec. 28, article 3, of the Constitution of the state of Mississippi and article 8 of the amendments to the Constitution of the United States forbidding the infliction of cruel and unusual punishment and excessive fines; that he is denied the equal protection of the laws afforded to other convicts in violation of the Fourteenth Amendment of the Constitution of the United States.

Section 1141, Mississippi Code 1906, under which the petitioner was convicted, prescribes 'a maximum punishment for violation of its provisions, as follows: Imprisonment in the penitentiary not more than twenty years, or a fine not more than one thousand dollars, or imprisonment in the county jail not more than one year.

In support of the contention that the punishment now being inflicted on the petitioner is cruel and unusual and

that the fine imposed upon him is excessive we cite with confidence the case of *Paul A. Weems* v. *The United States,* decided by the supreme court of the United States on May 2nd, 1910, reported in Advance Sheets June 1st, 1910, at page 544 to 568 inclusive. In that case the court held (see syllabus) that:

"Cruel and unusual punishment forbidden by the Philippine Bill of Rights as inflicted by the provisions of the Philippine Penal Code under which the falsification by a public official of a public and official document must be punished by fine and imprisonment at hard and painful labor for a period ranging from twelve years and a day to twenty years, the prisoner being subject as accessories to the main punishment to carrying during his imprisonment a chain at the ankles hanging from the wrist, to deprivation during the term of imprisonment of civil rights and to perpetual absolute disqualification to enjoy political rights, hold office, etc., and to surveillance of the authorities during life."

The court in discussing the question of cruel and unusual punishment has not been exactly decided. It has been said that ordinarily the terms imply something inhuman and barbarous, torture and the like." *McDonald* v. *Commonwealth,* 173 Mass. 322, 73 Am. St. Rep. 293, 53 N. E. 874.

"The court, however, in that case conceded the possibility that punishment in the state prison for a long term of years might be so disproportionate to the offense as to constitute a cruel and unusual punishment."

"The clause of the Constitution in the opinion of the learned commentators may be therefore progressive and is not fastened to the obsolete but may acquire meaning as public opinion becomes enlightened by humane justice."

Now if it be true that the punishment now being inflicted upon the petitioner amounts to imprisonment for life can it be said with any show of reason that such

punishment is not "so disproportionate to the offense as to constitute a cruel and unusual punishment."

Prior to the enactment of the Laws of Misssissippi 1908, chap. 109, the legislature had wisely and humanely provided that no person should be held in custody for fines and imprisonment longer than two years. Section ·870, Code Mississippi 1906, chapter 168, amendatory to said section 870, approved March 5th, 1908, contained the same provision. Chapter 109, approved March 20th, 1908, fifteen days after the approval of chap. 168 repealed the said sec. 870. Section 3 of said chapter 109 contains a humane provision for the discharge of infirm convicts, such as the petitioner. This court in the case of *State* v. *Kirby,* 51st Southern 811, held the said sec. 3 to be unconstitutional as an encroachment upon the pardoning power vested by the Constitution in the governor.

So we say the effect of the judgment is imprisonment for life for the petitioner. Again it may be argued that the mittimus under which he is being detained by the sheriff shows that he will be discharged at the expiration of ten years but this contention involves a fallacy for the very good reason that if the board of supervisors is without power to discharge an infirm convict all at one time they are equally without power to pardon him at the rate of so much per month, and furthermore if they had the power to do that to hold a prisoner for ten years for a cost bill is a fine so excessive as to shock the conscience and offend against every humane sentiment. For this same result would follow whether the convict should be a misdemeanant or a felon.

We deem it hardly necessary to call the court's attention to the fact that if the petitioner were a robust man, in the course of human events he could work out his discharge and regain his liberty, we roughly estimate, in ten years, provided he should not be sick and should lose no time. Since he is so unfortunate as to be physically infirm he must, in addition, lose that equal protec-

tion the law affords to robust convicts, and of course such an inhuman result was never contemplated nor intended by the lawmakers, but, notwithstanding no such cruel result and operation of the law could fairly be attributed to the law making body, that result and operation results from the repeal of sec. 870 of the Code of 1906.

We therefore respectfully submit that the petitioner is being denied the equal protection of the laws and is being visited with cruel and unusual punishment and an excessive fine has been imposed upon him.

*Carl Fox,* assistant attorney-general for appellee, filed an elaborate brief and cited the following authorities:

*O'Connell* v. *Regina* (1844), 11 Clark & Finneley 155, 406-8, Eng. Reports Reprint, 1156; Broome & Hadley's Commentaries, page 473-475; *State* v. *Danforth,* 3 Conn. 112, 116; *State* v. *Driver,* 78 N. C. 423; *Robinson* v. *Miner et al.,* 68 Mich. 549; Cooley's Const. Lim., 7th Ed. 471; *Lord Devonshire's case,* 11st Trials, 1354; note to the case of *Ex parte Bryant,* 12 Am. St. Rep. 202; *Dr. Groenvelt's case* (1697), 1st Lord Raymond's 213, 91 English Reports Reprint, 1038; *Rex* v. *Hord,* Sayer, 176, 96 Eng. Rep. Repr. 843; *Rex* v. *Layton,* 1st Salkeld 353, 91 Eng. Rep Repr. 309; *Regina* v. *Dunn,* 12 Q. B. 1026 to 1041; *Brock* v. *State,* 22 Ga. 98, 101; *Bell,* 26 O. St. 195; *Morgan* v. *State,* 47 Ala. 34; *Jackson* v. *Boyd,* 53 Ia. 536; *Com.* v. *Harris,* 23 Pick. 280; *Ex parte Boolig,* 31 Ill. 89; *Armstrong* v. *State,* 83 Ala. 49; *Gady* v. *State,* 83 Ala. 51; *State* v. *Peterson,* 38 Minn. 143; *Brownbridge* v. *People,* 38 Mich. 751; *Washbourn* v. *Belnap,* 3 Conn. 502; *Howard* v. *People,* 3 Gibbs (Mich., 1854); *Ex parte Peacock* (Fla. 1889), 6 So. 473; *Ex parte Bryant,* 24 Fla. 278, 4 So. Rep. 854, 12 Am. St. Rep. 200; *Southern Express Co.* v. *Walker,* 92 Va. 59, 41 L. R. A. 436; *Yell,* 107 Mich. 228; *Frese* v. *State,* 23 Fla. 267; *State* v. *Whittaker,* 48 La. Ann. 527, 35 L. R. A. 561.

Argued orally by *Geo. W. May,* for appellant, and *Carl Fox,* assistant attorney-general, for appellee.

MAYES, C. J., delivered the opinion of the court.

This is a proceeding by *habeas corpus,* instituted by D. C. McInnis, and by it he seeks to be released from imprisonment in the county jail of Simpson county. The record is substantially as follows, viz.:

In May, 1908, Mr. McInnis was indicted in the above county on a charge of embezzlement. The indictment charged a violation of section 1141 of the Code of 1906. At the June term of the circuit court of Simpson county in 1909 Mr. McInnis was placed on trial under the indictment and convicted. On the 3d day of June, 1909, the court sentenced McInnis to the county jail for one year, and also required him to pay all cost of prosecution. It seems that the amount of the cost was about twelve hundred dollars. Mr. McInnis commenced to serve his sentence on the 3rd day of June, and remained in prison from that date until the time he applied for this writ of *habeas corpus,* on the 26th day of August, 1910, which was more than one year from the date of sentence. The proceedings were brought against the sheriff of the county having custody of petitioner. It may be here stated that section 1141 of the Code provides, as a penalty for its violation, that the person violating it may be given a twenty-year sentence in the penitentiary, or be fined in a sum not to exceed one thousand dollars, or imprisoned in the county jail for a year. It plainly appears that the sentence imposed on petitioner was within the limit allowed by the statute. It appears from the record that the reason the sheriff refuses to release petitioner is because he has not paid the cost of the prosecution, as was required by the judgment of the court.

Petitioner claims that, the court in which the conviction took place having sentenced him to imprisonment in the county jail for one year, any confinement of him

beyond this limit of time is unlawful, unusual, and cruel, and in violation of section 28 of the state Constitution of 1890, which prohibits cruel and unusual punishment or excessive fines, and also violative of articles 8 and 14 of the amendments to the Constitution of the United States. The petition states that under chapter 109, p. 104, of the Laws of 1908, provision is made authorizing county authorities to provide a way for county convicts to pay and discharge fine and costs; that other counties of the state have taken advantage of the provisions of the legislative act, and have provided a way for convicts situated as petitioner is to work out all fine and costs, but the authorities of Simpson county have not taken advantage of the provisions of the law, and the result is that, the longer petitioner is confined in prison, the heavier is the burden upon him, because the cost is daily augmented by his detention in jail, and because of this his imprisonment will extend during the remainder of his life. It is therefore alleged in the petition that the petitioner is being unduly and cruelly punished and excessively fined, in violation of section 28 of the Constitution of the state and article 8 of the amendments to the Constitution of the United States; that by the neglect and refusal of the supervisors of the county to take advantage of the laws referred to, petitioner is being denied the equal protection of the law, in violation of the Fourteenth Amendment to the Constitution of the United States. The petition further states that the petitioner is suffering from a permanent physical infirmity, which now and will forever render him incapable of physical servitude, as required by the several orders of the board of supervisors. The orders referred to provide for the working of convicts on the public road, and provide what compensation shall be paid the convicts, graduating the amount to be paid according to the class assigned to the convict; the classification being as required by law. Accompanying the petition is a certificate from a physician, certifying that

McInnis is unable to perform any kind of labor, because of bodily infirmities, and that the infirmities are apparently permanent. The petitioner further states that he is a bankrupt and pauper, and, of course, unable to pay any part of the cost, and therefore his incarceration is in violation of section 30 of the Constitution of the state, which provides that there should be no imprisonment for debt.

The case was heard on substantially the above facts, and the court denied the writ, and remanded the prisoner to the custody of the sheriff. The sentence imposed was imprisonment in the county jail and the payment of the cost of prosecution, and in such cases section 2 of chapter 109 of the Laws of 1908 provides that "where a convict is sentenced to imprisonment in the county jail, or to such imprisonment and the payment of a fine, or the payment of a fine, he shall be committed to jail, there to remain in close confinement for the full time specified for imprisonment in the sentence of the court, and until the fine, costs and jail fees be paid unless discharged by the course of law," etc. It is thus seen that, wherever a prisoner is committed to imprisonment in the county jail, he is not only to remain in the jail for the time specified for imprisonment, but he is also to remain in jail until the fine, cost, and jail fees are paid, unless discharged by due course of law. Section 3 of the above chapter attempted to provide a method for the discharge, by the board of supervisors of a county, of infirm convicts after the expiration of thirty days from the date of the sentence. This section was declared unconstitutional in the case of *State* v. *Kirby,* 51 South. 811, as trenching upon the power of pardon exclusively vested in the governor of the state.

Counsel suggest that the retention of the prisoner after the expiration of the term fixed for imprisonment, and because of inability to pay the cost of prosecution as required by the judgment of the court, is a violation of

section 30 of the Constitution of the state, prohibiting imprisonment for debt. Section 261 of the Constitution of the state expressly provides that defendants, in case of conviction, may be taxed with the costs, and this was done by the court. In addition to this, in the cases of *Ex parte Meyer*, 57 Miss. 85, and *Ex parte Williams*, 86 Miss. 600, 38 South. 730, this court held that the cost of prosecution was not a debt, within the meaning of section 30 of the Constitution.

Another contention of counsel for appellant is that since this court has declared section 3 of chapter 109 of the Laws of 1908 unconstitutional, thereby leaving no method in the law by which an infirm convict, unable to perform manual labor, may secure his release, and because petitioner is infirm, unable to work, and has no money with which to pay costs, it follows that as to him there must be perpetual imprisonment and this makes the punishment unusual, cruel, and unlawful, and denies him the equal protection of the law, and is in violation of the Fourteenth Amendment to the Constitution of the United States, since a healthy convict can work while in prison and earn the money wherewith to pay the costs. If the contention be true that physical infirmity would result in perpetual imprisonment in any case, it might be that this act would be unconstitutional as to such person; but we do not conceive this to be the law of this state. At the end of two years, after the sentence of imprisonment expires, by virtue of chapter 168, p. 185, of the Laws of 1908, providing that "no convict shall be held in custody for a fine and imprisonment longer than two years," the petitioner can secure his release. Under this chapter no county convict can be kept in jail on account of non-payment of fine and cost.

But it is argued that chapter 168 of the Laws of 1908 was repealed by chapter 109 of the Laws of 1908; both acts being passed at the same session of the legislature. We cannot agree to this contention. In the first place,

the convict and his welfare was an object of especial favor in both the above acts, and particularly is this true as to the act of March 20, 1908, the last act passed. Let it be here observed that chapter 168, Laws of 1908, was approved on March 5th, and chapter 109, Laws of 1908, was approved on March 20th; both acts being passed by the same legislature at the same session and within fifteen days of each other. The act of March 20th was enacted to promote more humane treatment of the convict, and for his welfare alone, and, if it be held that all of the first act was repealed by the latter, it compels harsher laws to be enforced against the convict, when it is manifest that relaxation was the purpose of the last act, and thwarts some of the beneficent objects attempted to be accomplished by the act. Let this result be kept in mind, and it will aid in determining whether or not there is such conflict between the acts as that both may not be enforced in some of their provisions.

Chapter 168 of the Laws of 1908 was approved on March 5th, and is entitled ''An act to amend section 870 of the Code of 1906 relative to the duty of the board of supervisors toward county convicts.'' Fifteen days later chapter 109 was passed. The act of March 20th is entitled ''An act to amend chapter 22 of the Code of 1906, and to abolish the leasing or hiring of county prisoners and to provide for the working or disposition of county and municipal convicts.'' The main purpose of this last act is to prohibit the leasing or hiring of county prisoners. The act of March 20th contains many sections, and section 27 provides that section 870 of the Code, which at that time had already been amended, and was then chapter 168 of the Laws of 1908, should be repealed. At that time there was no such section in the Code; it having already been amended by becoming chapter 168 of the Laws of 1908. The repealing act of March 20th did not provide that section 870, as amended by the laws of 1908, should be repealed; but it simply provided for the repeal

of section 870 of the Code, which then, as such, had no existence in the Code. In this view of it, chapter 168 cannot be said to have been expressly repealed, because no reference is made to it by the Act of. March 20th. So far as the act of March 5th conflicts with the act of March 20, it is repealed, by necessary implication, in so far as its provisions conflict with chapter 109; but the particular part of the act of March 5th applying to the facts of this case is not in conflict with chapter 109, and was not, therefore, repealed by it.

That implied repeals are not favored has been the universal declaration of this and of all courts. See *Pons* v. *State,* 49 Miss. 1; *White* v. *Johnson,* 23 Miss. 68; *Smith* v. *Vicksburg,* 54 Miss. 615. In order for a subsequent act to repeal a former one expressly, it must point out the statute repealed with sufficient certainty. If it was the purpose of the legislature to repeal section 870 of the Code and all acts amendatory thereto, it should have said so explicitly in the repealing act; but this they did not do. In *White* v. *Johnson,* 23 Miss. 68, it is said: "A series of acts upon one subject are to be construed as one whole; and where in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there be a plain and unavoidable repugnancy between them. See *Planters' Bank* v. *State,* 6 Smedes & M. 628. In this instance there is no express repeal of the saving clause, nor is there any such conflict between the provisions of the act of 1844 and the saving clause, contained in the previous act, as makes a repeal by implication necessary. It is certainly a more just exposition of the intention of the legislature to hold the previous saving clause to be in force, than to decide that it was their intention to cut off a class of rights which have generally appeared to be the especial objects of their care and favor." Again, in the case of *President, etc., of Planters' Bank* v. *State,* 6 Smedes & M. 628, it is said: "Statutes are not consid-

ered to be repealed by implication, unless the repugnancy between the new provision and the former statute be plain and unavoidable. *Foster's Case,* 11 Co. 56; 1 Kent, Com. 466. The intention of the legislature in this, as in all other instances, is the cardinal rule of construction." See, also, section 234, Lewis' Sutherland on Statutory Construction; *Reeves* v. *Gay,* 92 Ga. 309, 18 S. E. 61.

All that part of chapter 168 which conflicts with chapter 109 is, of course, repealed by necessary implication. In the case of *Hearn et al.* v. *Brogan,* 64 Miss. 334, on page 339, 1 South. 246, on page 248, it is said: "Repeals by implication are never favored, and the new law must be held to displace or suspend the former only to the extent of inconsistency between them." To the same effect is *White* v. *Johnson,* 23 Miss. 68. In the case of *St. Louis, etc., Ry. Co.* v. *Paul,* 64 Ark. 83, 40 S. W. 705, 37 L. R. A. 504, 62 Am. St. Rep. 154, it is held that, "if a statute conflicts with a previously enacted statute, the latter is to that extent repealed or amended, whether expressly mentioned or not, although the Constitution of the state declares that no law shall be revised, amended, or the provisions thereof be extended or conferred, by reference to its title only, but so much thereof as is revised, modified, extended, or conferred shall be enacted and published at length." In the case of *State* v. *Walbridge,* 119 Mo. 383, 24 S. W. 457, 41 Am. St. Rep. 663, it is held that "A repeal by implication does not exist, unless there is a positive repugnancy between the provisions of the new law and those of the old, and even then the law is repealed by implication only *pro tanto* to the extent of the repugnancy." See, also, *Nelden* v. *Clark,* 20 Utah 382, 59 Pac. 524, 77 Am. St. Rep. 917, 26 Ency. Law (2d Ed.), 727.

So construing these two acts, they are reconcilable, humane, and both are enforceable. Construing them otherwise would make the law imperfect, unjust, and unreasonable, and possibly unconstitutional. We think that

section 870, as amended by chapter 168 of the Laws of 1908, is still the law of this state in so far as the provisions of chapter 168 do not conflict with the subsequently enacted law contained in chapter 109. We also think that it was the intention of the legislature to retain in the law provisions which they had made for the release of convicts in county jails after they shall have been held in custody for two years. At the expiration of this time, Mr. McInnis will be entitled to his release, whether he earns anything in the meantime or not; but until then he will not be.

The provisions of the law so construed make it conflict with no provision of the state or Federal Constitution, and the case is affirmed.　　　　　　　*Affirmed.*

SMITH, J.

I am unable to agree with my brethren in holding that section 870 of the Code, as the same appears in its amended form in chapter 168 of the Acts of 1908, was not expressly repealed by chapter 109 of the Acts of 1908, but express no opinion relative to the other matter herein involved.