VIGOUROUX *v*. STATE.*

(Division A. Nov. 3, 1924.)

[101 So. 576.  No. 24302.]

CRIMINAL LAW. *Fine and imprisonment, and peace bond imposed, held not cruel nor inhuman punishment, nor excessive fine.*

The defendant was convicted of the unlawful sale of intoxicating liquors, and sentenced to pay a fine of five hundred dollars and ninety days' imprisonment, and was also required to give a bond in the sum of one thousand five hundred dollars, with sufficient sureties to be approved by the clerk of the court, to "keep the peace and be of good behavior" for two years from the date of

the judgment, as authorized by section 1561, Code of 1906 (Hemingway's Code, section 1323). The defendant urged that the sentence of the court was violative of section 28 of the Constitution, prohibiting the infliction of cruel or inhuman punishment, or excessive fines. *Held*, that the sentence of the court was not violative of said provision of the Constitution.

---

*Headnote 1.   Criminal Law, 16 C. J., section 3193.

APPEAL from circuit court of Jackson county.

Hon. D. M. GRAHAM, Judge.

Clarence Vigouroux was convicted of the unlawful sale of intoxicating liquors, and he appeals. . Affirmed.

*Bullard & Bullard* and *F. S. McInnis,* for appellant.

The sentence imposed on the defendant is a clear violation of section 28 of the state constitution, providing: "Cruel or inhuman punishment shall not be inflicted, nor excessive fines · be imposed." Section 1561 (Code of 1906) provides for the peace bond. The statute does not require sureties but provides that it may be with, or without, sureties. Unless it be held that this clause confers discretion on the court to require sureties or not, as he may determine, the sentence in absolutely requiring sureties, goes beyond the authority conferred by the statute, and is therefore void. If it be held that the statute does vest such discretion in the court, then both the statute and the sentence is violative of the above section of the constitution.

The requirement of the bond is to regulate his whole conduct for two years in so far as his conduct would be amenable to the law. Admitting that he can give the bond, the commission of any misdemeanor whatever would be a breach of it. Suppose in an unguarded moment he should be provoked into a violation of the laws against profanity, or the commission of any petty misdemeanor, the existence of this bond would, in addition to the penalty prescribed, impose a penalty of fifteen hundred dollars, even though the prescribed penalty might be a fine of

not over ten dollars.   In other words, requiring him to
give this bond, as part of his sentence in this case is to
make him furnish against himself a penalty thereof of
one thousand five hundred dollars in addition to the maxi-
mum provided by law as a punishment for any misde-
meanor he might commit within two years.   Would that
not clearly be an unusual punishment?   If so it would be
within the condemnation of the constitution.

But it is hardly thinkable that he could give any such
bond, with good and sufficient sureties.   If not, the effect
of it is to sentence him, for the sale of a half pint of whis-
key, to pay a fine of five hundred dollars, and to be im-
prisoned in the county jail for two years, in addition
thereto.   Would not such punishment be cruel?   Would
it not be cruel to the extent of being positively shocking?
If so, it violates the constitution.

We have not been able to find any decisions directly
in point.   But it is submitted that the case should be re-
versed on the foregoing propositions.

*E. C. Sharp,* Assistant Attorney-General, for the state.

The sentence complained of, or rather that part of the
sentence complained of, was imposed by the court by
virtue of section 1323, Hemingway's Code, being section
1561, Code of 1906.   Under the statutes of Mississippi, a
prisoner cannot be confined in the county jail for more
than two years and it was held in the case of *Ex Parte
McInnis,* 98 Miss. 773, that imprisonment in the county
jail or upon a prison farm for a period of two years did
not violate section 28 of the Constitution.

Twice before section 1323, Hemingway's Code, has
been before this court for adjudication, and in each in-
stance the right of the trial court to impose a sentence in
accordance with said section was upheld, provided the
sentence was imposed at the time of the imposition of the
regular penalty for the violation of which appellant was

convicted. *Buck* v. *State,* 103 Miss. 276, 60 So. 321; *Jackson* v. *Belew,* 110 Miss. 243, 70 So. 346.

This case should be affirmed.

*Bullard & Bullard,* and *F. S. McInnis,* for appellant, in reply.

The assistant attorney-general is mistaken in the application of the two decisions he cites with reference to section 1561, Code of 1906. In neither of those decisions was the validity of section 1561, brought in question. In fact so far as we have been able to find this is the first time the constitutionality of that section has been brought in question. In *Buck* v. *The State,* it was merely held that a bond to keep the peace and be of good behavior could not be required at a subsequent term after sentence was passed, but the authority of the court under the section in question to require the bond at all was not brought in question. In *City of Jackson* v. *Belew,* it was held that the section was in addition to the one preceding and in no way affected by it; but again the validity of section 1561 was not passed upon by the court because not raised.

The requiring of such bond, with sureties, in the sum of one thousand five hundred dollars would have one of two effects. If he was not able to give the bond it would be to impose a penalty of five hundred dollars and two years in jail for selling one half-pint of whiskey; if he should be able to give the bond and did so, at any time the state might claim that he had breached it by the commission of the smallest misdemeanor and he would be subject, in addition to the fine of five hundred dollars and whatever term in jail he may have served, to a penalty of one thousand five hundred dollars, all for selling the one half-pint of whiskey, and it is submitted that section 28 of the constitution does not contemplate the imposition of any such unusual sentence.

Anderson, J., delivered the opinion of the court.

Appellant was charged and convicted in the circuit court of Jackson county of the unlawful sale of intoxicating liquors, and sentenced to pay a fine of five hundred dollars and ninety days' imprisonment, and, in addition, to execute a bond in the sum of one thousand five hundred dollars with sufficient sureties to "keep the peace and be of good behavior" for two years from the date of the judgment; such bond to be approved by the clerk of said court. From that judgment, appellant prosecutes an appeal to this court.

The only question discussed which we deem of sufficient importance to call for an opinion in this case is that the judgment of the court violates section 28 of the Constitution, which prohibits the infliction of cruel or inhuman punishment, or excessive fines. It is argued that the judgment of the court, imposing a fine of five hundred dollars and ninety days' imprisonment, and in addition requiring the giving of said bond, was so excessive and burdensome as to amount to cruel and inhuman punishment. The statute (section 1561, Code of 1906; section 1323, Hemingway's Code) authorizing the bond in question is in this language:

"Every court before which any person shall be convicted of an offense less than a felony may, in addition to the penalty prescribed by law, require the convict to enter into bond in a reasonable sum, with or without sureties, to keep the peace and to be of good behavior for any time not longer than two years, and may order him to stand committed until such bond be executed; and for any breach thereof it may be proceeded on by *scire facias* as in other cases."

It will be observed that the maximum imprisonment under this statute is two years. We know of no authority in this state bearing on this question so far as misdemeanors are concerned. *Ex parte McInnis*, 98 Miss. 773,

54 So. 260, in which the constitutionality of this statute was involved, was a prosecution for a felony—embezzlement. The authorities elsewhere discussing this constitutional provision generally hold that its purpose is to prohibit any cruel or degrading punishment not known to the common law; punishments that had become obsolete when our government was established; punishments so disproportionate to the offense as to be shocking to the public conscience, such as torture, requirement that the prisoner be dragged to the place of execution, that he be quartered, that he be burned alive; punishments that are degrading, such as the whipping post, the pillory, capital punishment for forgery and larceny, and the like, burning at the stake, crucifixion, breaking on the wheel, and the like; that this constitutional provision was not directed so much against the amount or duration as against the character of the punishment; that a statute or sentence of a trial court will not be set aside on the ground that the punishment which it provides for is unusual in degree, save perhaps in very extreme cases, see 8 A. & E. Ency. of Law (2 Ed.), pp. 436 to 440, inclusive, and cases cited in notes.

By referring to the holding of the courts elsewhere we do not mean to approve all that has been said. We do hold, however, that the punishment in this case, which cannot continue longer than two years, is not violative of the provision of the Constitution in question.

We find no merit in the other assignments of error.

*Affirmed.*