465 So.2d 1050 (1985)
James L. ROBERTS, Jr., Commissioner of Public Safety
v.
The MISSISSIPPI REPUBLICAN PARTY STATE EXECUTIVE Committee.
No. 55619.
Supreme Court of Mississippi.
March 6, 1985.
Rehearing Denied April 10, 1985.
Edwin Lloyd Pittman, Atty. Gen., Stephen J. Kirchmayr, Asst. Atty. Gen., Donald G. Barlow, Sp. Asst. Atty. Gen., Jackson, for appellant.
Michael S. Allred, David A. Barfield, Satterfield & Allred, Jackson, for appellee.
EN BANC.
*1051 WALKER, Presiding Justice, for the Court:
This cause comes on appeal from the Chancery Court of Hinds County. James L. Roberts, in his official capacity as Commissioner of Public Safety of the State of Mississippi, appeals from the ruling of the lower court and assigns as error the following:
The Chancellor was manifestly in error in his ruling in the Court below in that his ruling contravenes the rules of statutory construction.
In January 1984 the Mississippi Republican Party made a verbal and written request for access to the complete drivers license records as contained on computer tape from James L. Roberts, in his official capacity as Commissioner of Public Safety of the State of Mississippi. On January 24, 1984 the Department of Public Safety in response demanded as a fee $250.00 run charge plus $.05 per name for 1.7 million names. The total fee sought was in excess of $75,000. The Mississippi Republican Party offered and tendered $500.00 for the reasonable actual cost of providing the requested records.
On March 14, 1984, the Mississippi Republican Party State Executive Committee filed suit based on its interpretation of Mississippi Code Annotated section 25-61-1, et seq., the Mississippi Public Records Act of 1983. The Commissioner of Public Safety relied on section 45-1-21 as the basis of the fee the Department of Public Safety sought to charge.
On March 29, 1984 a hearing was held before Honorable Joe G. Moss, Chancellor of the First Judicial District of Hinds County. The court ruled that the case was covered by the Mississippi Public Records Act of 1983, specifically section 25-61-7.
This case revolves around the application and interpretation of two statutes, Mississippi Code Annotated section 25-61-7 (Supp. 1984) part of the Public Records Act of 1983 and Mississippi Code Annotated section 45-1-21 (1972, as amended).
Section 45-1-21 reads:
The Mississippi Department of Public Safety being required by law to keep various records and perform various services and being authorized to furnish certain records and services, said department, by direction of the commissioner of public safety, shall establish and collect for such services a proper fee, commensurate with the service rendered and the cost of such service for the furnishing of any record or abstract thereof in the department of public safety now or which may hereafter be required by law to be kept by said department, any photograph or photo copy of any report of any kind authorized by law, including services for polygraph tests and reports thereof.
No records shall be furnished by the Mississippi Department of Public Safety which are classified as confidential by law. All fees collected under this section shall be paid into the general fund of the state treasury in accordance with the provisions of section 45-1-23(2).
Section 25-61-7 is as follows:
Each public body may establish and collect fees reasonably calculated to reimburse it for, and in no case to exceed, the actual cost of searching, reviewing and/or duplicating and, if applicable, mailing copies of public records. Such fees shall be collected by the public body in advance of complying with the request.
Both sides rely on traditional rules of statutory construction in support of their positions. A brief statement of these rules and quotations from cases follows.
Repeal by implication is not favored. In Ex parte McInnis, 98 Miss. 773, 783, 54 So. 260, 262 (1910) the Court stated:
That implied repeals are not favored has been the universal declaration of this and of all courts. See Pons v. State, 49 Miss. 1; White v. Johnson, 23 Miss. 68; Smith v. Vicksburg, 54 Miss. 615. In order for a subsequent act to repeal a former one expressly, it must point out the statute repealed with sufficient certainty. *1052 If it was the purpose of the legislature to repeal section 870 of the Code and all acts amendatory thereto, it should have said so explicitly in the repealing act; but this they did not do. In White v. Johnson, 23 Miss. 68, it is said: "A series of acts upon one subject are to be construed as one whole; and where in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there be a plain and unavoidable repugnancy between them. See Planters' Bank v. State, 6 Smedes & M. 628."
Statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each. In Lamar County School Board of Lamar County v. Saul, 359 So.2d 350, 353 (Miss. 1978), the Court stated:
In construing statutes, all statutes in pari materia are taken into consideration, and a legislative intent deduced from a consideration as a whole. Jackson County v. Worth, 127 Miss. 813, 90 So. 588 (1921). Statutes in pari materia, although apparently conflicting should, if possible, be construed in harmony with each other to give effect to each. Greaves v. Hinds County, 166 Miss. 89, 145 So. 900 (1933). See cases annotated in Mississippi Digest, Statutes, Key # 223.2(1).
See Surles v. McNeel, 357 So.2d 319, 320 (Miss. 1978). Greaves v. Hinds County, 166 Miss. 89, 145 So. 900 (1933).
In construing statutes the Court will give effect to the intent of the Legislature. In Aikerson v. State, 274 So.2d 124, 127 (Miss. 1973), it is stated:
It is a general rule that in construing statutes this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law. The Court will then give effect to the intent of the legislature. State Highway Commission v. Coahoma County, 203 Miss. 629, 32 So.2d 555, 37 So.2d 287 (1947).
In the case of Sheffield v. Reece, 201 Miss. 133, 143, 28 So.2d 745, 749 (1947) we said that we would give effect to the intent of the legislature in statutory law "[T]hough the interpretation may go beyond the letter of the law." See also Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844 (1922).
An exception cannot be created by construction. In State v. Heard, 246 Miss. 774, 781, 151 So.2d 417, 420 (1963) the Court said:
An exception cannot be created by construction, when none is necessary to effectuate the legislative intention. Ordinarily, an exception must appear plainly from the express words or necessary intendment of the statute. Where no exception in positive words is made, the presumption is the legislature intended to make none.
Words in common use when used in a statute should be given their usual and ordinary meaning. In Chattanooga Sewer Pipe Work v. Dumler, 153 Miss 276, 286, 120 So. 450 (1929) the Court stated:
"The true sense in which words are used in a statute, is to be ascertained generally by taking them in their ordinary and popular signification." (Green v. Weller, 32 Miss. 650), and "words employed in a statute are to be taken in their ordinary and obvious signification, unless it is clearly necessary to enlarge or modify this in order to effect the plain intent of the legislature" (Peeler v. Peeler, 68 Miss. 141, 8 So. 392).
Also: Pearl River Valley Water Supply Dist. v. Hinds County, 445 So.2d 1330 (Miss. 1984); Lambert v. Ogden, 423 So.2d 1319 (Miss. 1982); Mississippi Power Co. v. Jones, 369 So.2d 1381 (Miss. 1979).
The Commissioner of Public Safety argues that both sections should be applied and contends that the department should be allowed to collect two fees  one under each statute. He argues that the department may collect a fee "commensurate with the services rendered and the cost of such service" under section 45-1-21. The Commissioner also argues that section 25-61-7 *1053 allows a separate and distinct fee "reasonably calculated to reimburse it for, and in no case to exceed, the actual cost of searching, reviewing and/or duplicating and, if applicable, mailing copies of public records." In our opinion this argument lacks logic and has no merit.
The Mississippi Republican Party contends that section 25-61-7 and section 45-1-21 require a single fee "in no case to exceed" the cost of the service.
Their argument is that the statutes should be read in harmony with each other. They give the dictionary definition of "commensurate" from Webster's New World Dictionary, which is (1) equal in measure or size, (2) proportionate, (3) commensurable. Thus, under both statutes there is no conflict, and the same fee is to be charged, i.e., the actual cost. The two statutes simply provide alternative routes to obtain the same records. In Earl v. Tulsa County District Court, 606 P.2d 545, 546 (Okla. 1980), the court held:
The adjective "commensurate", when used with the preposition "with", may have two different meanings. These will, of course, vary with the context in which the words are used. When the referent is specific in size, extent, measure, or amount, "commensurate" denotes "equal". This is the word's first and primary meaning commonly ascribed to it by the lexicon. It is only when a nonspecific referent is used that "commensurate" means "corresponding in size" or "proportionate to". "An income commensurate with his needs" is a frequently employed phrase that serves as an example of the adjective's secondary meaning. This English usage is clearly compatible with the word's etymology. In Latin "commensurate" means literally "equal in measure".
See also Rynar v. Lincoln Transit Co., 129 N.J.L. 525, 534, 30 A.2d 406 (1943), Succession of Correjolles, 206 La. 581, 600, 19 So.2d 259, 265 (1944).
The intent of the legislature in enacting the Mississippi Public Records Act of 1983, Mississippi Code Annotated section 25-61-1, et seq. (Supp. 1984), is found in the General Laws of the State of Mississippi 1983 Chapter 424 p. 298, which reads AN ACT TO PROVIDE ACCESS BY ANY PERSON TO THE RECORDS OF ALL PUBLIC BODIES OF GOVERNMENT. Further, in section 25-61-5 the statute reads:
(1) Except as otherwise provided by section 25-61-9 and 25-61-11, all public records are hereby declared to be public property, and any person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body in accordance with reasonable written procedures adopted by the public body concerning the cost, time, place and method of access, and public notice of the procedures shall be given by the public body, or, in the event that a public body has not adopted such written procedures, the right to inspect, copy or mechanically reproduce or obtain a reproduction of a public record of the public body shall be provided within one (1) working day after a written request for a public record is made.
Section 25-61-3 provides definitions as follows
The following words shall have the meanings ascribed herein unless the contest clearly requires otherwise:
(a) "Public body" shall mean any department, bureau, division, council, commission, committee, subcommittee, board, agency and any other entity of the state or a political subdivision thereof, and any municipal corporation and any other entity created by the Constitution or by law, executive order, ordinance or resolution. Within the meaning of this chapter, the term "entity" shall not be construed to include individuals employed by a public body or any appointed or elected public official.
(b) "Public records" shall mean all books, records, papers, accounts, letters, maps, photographs, films, cards, tapes, recordings or reproductions thereof, and any other documentary materials, regardless of physical form or characteristics, *1054 having been used, being in use, or prepared, possessed or retained for use in the conduct, transaction or performance of any business, transaction, work, duty of function of any public body, or required to be maintained by any public body.
Appellant argues that section 45-1-21 was intended by the legislature as a revenue generating provision. The argument is based on the last sentence of the section. Prior to being amended in 1976 the last sentence read:
All fees collected under this section shall be paid into a special fund in the state treasury known as the "highway patrol operating fund."
The current provision is as follows:
All fees collected under this section shall be paid into the general fund of the state treasury in accordance with the provisions of section 45-1-23(2).
Appellant notes that last year 1.2 million dollars was taken in under this section.
While the statute does generate funds which are paid into the general fund of the State Treasury, it does not mandate that the commissioner set the fee at a profit-making level. To the contrary, the fee can only be one which compensates or makes up for the actual cost of furnishing the records of the services provided.
The Commissioner argues next that the list sought has great commercial potential as a direct mailing list.
As previously cited in section 25-61-5 "all public records are declared to be public property." From this it may be concluded that "any person shall have the right to inspect, mechanically reproduce or obtain ... any public record ...." without regard to the commercial potential or end use. The legislature has not seen fit to charge for copies of public records based on their potential value to the requesting party. Therefore, the Commissioner's argument in this regard is without merit.
Following the rules of statutory construction, both statutes must be given effect since there is no express repeal of section 45-1-21 and no irreconcilable conflict between the two statutes.
We are of the opinion that the words "compensatory," "commensurate with" and "in no case to exceed," found in the two statutes, all refer to the same thing  the actual cost of providing copies of the records.
For the above reasons, the decree of the Chancery Court is affirmed and the surety bond imposed by this Court and posted by the Republican Party in the amount of $85,000 is discharged.
AFFIRMED AND THE SURETY BOND IMPOSED BY THIS COURT IS DISCHARGED.
ROY NOBLE LEE, P.J., DAN M. LEE, ROBERTSON and ANDERSON, JJ., concur.
PATTERSON, C.J., and PRATHER, HAWKINS and SULLIVAN, JJ., dissent.
PRATHER, Justice, dissenting:
Respectfully dissenting from the majority view, I am of the opinion that the trial court ruling contravenes statutory construction rules. The basic issue to be decided is whether a statute which was passed by the Legislature overrides, amends or repeals a statute previously passed by the Legislature where there is no specific repealer included in the later legislation. The specific question to be determined is whether or not the language in Miss. Code Ann. § 25-61-7 (1972) (as amended), which allows the public body to collect fees "reasonably calculated to reimburse it ... and in no case to exceed" the costs of preparing the records for distribution, overrides and, in fact, amends or repeals the language of Miss. Code Ann. § 45-1-21 (1972) (as amended), which allows the Department of Public Safety to "establish and collect for such services a proper fee commensurate with the service rendered and the cost of such service".

I.
Initially, it is noted that the Public Records Act was enacted subsequent to the *1055 Public Safety Act, and that the subsequent enactment did not repeal the former legislation. But the effect of the majority opinion repeals the former act as to the amount of fee to be charged for reproduction of records.
The first rule of statutory construction applicable here is that repeal by implication is not favored. This principle has been long established in our jurisprudence. Ex Parte McInnis, 98 Miss. 773, 54 So. 260 (1911), Smith v. Vicksburg, 54 Miss. 615 (1877), Pons v. State, 49 Miss. 1 (1873), White v. Johnson, 23 Miss. 68 (1851).
In Darnell v. Johnston, 109 Miss. 570, 68 So. 780, 782 (1915) this Court stated:
By all rules of construction known to us, repeals by implication are not favored by the courts. If the former act is not in necessary conflict with the subsequent act, both will be enforced.
See also, McCullen v. State Ex Rel. Alexander, 217 Miss. 256, 63 So.2d 856 (1953), Miss. State Hwy. Dept. v. Haines, 162 Miss. 216, 139 So. 108 (1932). To reiterate, the effect of the trial court's ruling is to repeal the former act by implication. I disagree with this holding.

II.
The second rule of statutory construction applicable here is that statutes dealing with the same subject matter should be construed to give harmony to each. In Andrews v. Waste Control, Inc., 409 So.2d 707, 713 (Miss. 1982), the Court stated:
When different code sections deal with the same subject matter, these sections are to be construed and interpreted not only so they harmonize with each other but also where they fit into the general and dominant policy of the particular system of which they are part. Ashcraft v. Board of Supervisors of Hinds County, 204 Miss. 65, 36 So.2d 820 (1948).
It is my position that these statutes are not in conflict, except as to the amount of the fee to be charged. The Public Records Act, Miss. Code Ann. § 25-61-7, provides fees "may" be charged "not to exceed the actual cost of searching, reviewing, and/or duplicating such data." (Emphasis added). On the other hand the Public Safety Act provides that cost "shall" be set by the commissioner (1) "commensurate with the service rendered" and (2) "the actual cost for such service." Miss. Code Ann. § 45-1-21 (emphasis added). Therefore, the basis for arriving at the amount of the fee in the two statutes are different. They do not both say "actual cost."

III.
Thus, with an apparent conflict between the two statutes as to the basis for arriving at fees to be charged, the next rule of statutory construction applicable is that where two statutes deal with the same subject matter, but one is specific and the other is general, then the specific act will control over the general act. In McCrory v. State, 210 So.2d 877 (Miss. 1968) the Court stated as follows:
It is a fundamental rule of statute construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. 1 Sutherland, Statutory Construction 2022 (3rd.ed. 1943).
210 So.2d at 877-78.
In McCaffrey's Food Market, Inc. v. Mississippi Milk Commission, 227 So.2d 459, 463 (Miss. 1969) the Court said:
... [I]t is well settled that in the interpretation of statutes by the courts that the particular statutes dealing with a special and particular subject will control, as to the terms of the special subject, over the general statutes dealing with like subjects in a general way. 1 Am.Jur.2d Administrative Law § 40, p. 841 (1962); Gulley v. Lumbermen's Mutual Casualty Company, 176 Miss. 388, 166 So. 541, 168 So. 609 (1936); Dunn Construction Company v. Craig, 191 Miss. 682, 2 So.2d 166, 3 So.2d 834 (1941); Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947); Bailey v. Emmich Brothers, 204 Miss. 666,37 So.2d 797 (1948).
227 So.2d at 463. In this case the specific statute dealing with the Department of *1056 Public Safety is a special act which should control that department as to fee setting over the general provision of the Public Records Act, a general act.

IV.
Lastly, statutory construction rules applicable here dictate determination of the legislative intent when different code provisions deal with the same subject matter.
Courts may also consider the several acts of the legislature touching the subject matter in order to ascertain the legislative intent in the several acts. McAfee v. Southern R. Co., 36 Miss. 669 (1859)... .
Andrews v. Waste Control, Inc., 409 So.2d 707, 713 (Miss. 1982).
This Court should, therefore, look at the purposes of each of the statutes. Section 45-1-21, the Public Safety Statute, in its present form generates monies which are paid into the general fund of the State Treasury. It has always been intended to be a revenue generating statute, as can be seen by looking at pertinent parts of the statute prior to its amendment in 1976. Prior to amendment, § 45-1-21 read, in pertinent part, in the last paragraph:
... No record shall be furnished by the Mississippi Department of Public Safety which are classified as confidential by law. All fees collected under this section shall be paid into a special fund in the state treasury known as the "highway patrol operating fund."

Prior to 1976, the highway patrol operated by generating its own funds for support. In 1976, the Legislature saw fit to put the Department of Public Safety and the Highway Patrol funding under the general funding provisions of the Legislature. However, the Legislature obviously recognized the revenue generating potential of § 45-1-21 and left the actual revenue generating language in exactly the same form as it had been previously. The revenue so generated now goes directly to the General Fund of the State of Mississippi. In 1983 this amounted to about 1.2 million dollars.
In 1983, the Legislature passed the Mississippi Public Records Act of 1983, of which § 25-61-7 is a part. By contrast, however, the legislative intent of this law was obviously to determine exactly what records belonging to the government were "public records" and could be obtained by the citizens upon request. This is particularly true in § 25-61-5 which reads, in pertinent part, as follows:
... [A]ll public records are hereby declared to be public property, and any person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body in accordance with reasonable written procedures adopted by the public body concerning the cost, time, place and method of access... .
The obvious intent of the Public Records Act is to insure that citizens are not arbitrarily denied access to the public records.
As stated in the majority opinion in Aikerson v. State, 274 So.2d 124 (Miss. 1973), the Court should give effect to the legislative intent. In my view, the legislative intent of Public Safety Act was to generate revenue for the state and that it intended the specific revenue generating provision of Miss. Code Ann. § 45-1-21 to remain intact when the subsequent act was passed. At no point in the Mississippi Public Records Act of 1983 is there expressed a purpose to preclude an agency which otherwise has a specific statute controlling dissemination of the information it keeps, from charging a fee under a prior statute. In this technological day and age, it goes without saying that the information requested by appellee herein has a significant commercial value. A list of names and addresses of approximately 1.7 million Mississippi citizens, broken down by age, race and sex, would be an invaluable tool to anyone attempting to conduct a direct mailing. That commercial value should be taken into consideration in fee-setting "commensurate with the service rendered." In my view it is not the intent of the Legislature to strip the State Treasury of sorely needed funds which are collected under statutes such as 45-1-21.
*1057 This Court should give effect to that clearly enunciated legislative intent and should conclude that the Public Safety Act provision as to fee-setting for this department is controlled by Miss. Code Ann. § 45-1-21.

V.
Apart from the rules of statutory construction, it is noteworthy that the judgment of the trial court herein states, in part, as follows:
... [T]his judgment affects only such fees and charges which were contested herein by plaintiff, and affects no other fees and charges as made by plaintiff under the provisions of section 45-1-21, Miss. Code Ann. 1972. (Emphasis added).
The Court was obviously trying to separate the records at issue herein from other types of records kept by the Department. If the Department may charge, for example, for a copy of an accident report under section 45-1-21, it logically follows that it could charge for the records at issue here under section 45-1-21. The question arises whether it may charge for any records under this statute. The court made a special ruling for this case which apparently is not precedent for any other case.
Further, appellant contends that if the interpretation placed on the statutes by the lower court is upheld by this Court, there are any number of other statutes which will be adversely affected. If, in fact, this Court holds that section 25-61-7 overrides section 45-1-21 in this case, then it is obvious that section 25-61-7 would override any other statute providing specifically for charging a fee for the production of public records.

VI.
The fees so set by the Commission should be based upon not only, the actual cost of the service, but also factors commensurate with the service rendered. This is not to say that the fees as set by the commission are without challenge. Reasonableness should be the guideline, and factors such as (1) the service performed, (2) the responsibility incurred, (3) the skill required, (4) the cost of equipment and materials, (5) time and labor involved, (6) the customary charges for like services, and (7) other relevant factors should be considered in determination of reasonableness.
Since the Department was not given an opportunity to go into the reasonableness of the fees charged, this case should be reversed and remanded to the trial court for a determination of whether the fee is a reasonable fee under the Department of Public Safety Act, specifically, Miss. Code Ann. § 45-1-21.
I respectfully dissent from the majority view.
PATTERSON, C.J., and HAWKINS and SULLIVAN, JJ., join in this dissent.