## WISE v. STATE.

(Division B. Oct. 10, 1938.)

[183 So. 520. No. 33329.]

Everett & Everett, of Indianola, for appellant.

62

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **Geo. A. Everett,** for appellant, and by **W. D. Conn, Jr.,** for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Lucille Wise, was indicted for murder, tried and convicted of manslaughter in the Circuit Court of Sunflower county, for the killing of John Henry Brooks, alias Sampson Brooks, a human being. It appears that Lucille Wise and her husband lived in a house also occupied by Eliza Moore. On the occasion of the killing these two women were preparing to cook some greens for dinner, when John Henry Brooks came into the house through the back door, saying that he was going to cook himself something to eat. He came on into the room where the two women were preparing the greens for cooking, and it seems that he began to handle the greens in some way, when the appellant remonstrated; whereupon the deceased, Brooks, took part of the collard greens, held them over the fire, and said to the appellant, "You goes for bad," and slapped her on her nose. According to Eliza Moore, witness for the state, the appellant jumped up and struck him, saying, "Make him leave me alone," which she repeated a second time.

Brooks rose, caught her around the neck, dragged her to the fireplace, picked up the poker, and as appellant claims, struck her with it, though the witness, Eliza Moore, testified that she did not see him do this. The witness, hearing a truck approach, said "That girl's husband is coming, and there will be plenty of hell. Get out of here." Brooks turned the appellant loose and ran out of the house. The appellant went behind the bed and got a shotgun; when she went out of the house she found that the truck had gone, and her husband had not gotten off. The deceased ran around the house; according to some of the witnesses went around the house a second time, followed by the appellant. But when the shooting occurred the deceased had stepped upon the front porch, and was trying to open the door to the house in which appellant and Eliza Moore lived, when the former shot him.

It appears that the husband of appellant worked some little distance from his home, returning to his dinner in a truck. On this occasion a truck came, but did not, in fact, stop longer than to let a man get off who lived near the home of the appellant, then proceeded on its way. The appellant testified that when the deceased went around the house and saw that her husband did not get off the truck, he intended, as she thought, to re-enter the house in order to renew the difficulty. Eliza Moore, who was in the house at the time of the shooting, said that the deceased came to the door and told her to open it. About that time she heard the shot, and said to the deceased, "You are not shot," to which he replied, "Yes, I is."

The appellant was convicted of manslaughter, and sentenced to five years in the penitentiary, from which sentence this appeal was taken.

The only assignment of error is that the evidence was insufficient to sustain the conviction. It will be seen from the above statement that the difficulty occurred inside the house, and that on being informed that appel-

lant's husband was coming the deceased went out of the house, the appellant seized a double-barreled shotgun, as stated. At the moment of shooting there was no overt act on the part of the deceased to injure the appellant, and she gave no warning that she was trying to keep him out of the house—at least, none at the time of shooting.

The jury evidently took the view that the conduct of the deceased was very provoking, and that the appellant was in a passion when she shot him. If the appellant had been in the house, and had shot to prevent the deceased from re-entering, the case possibly would have come within the authorities relied upon, as a shooting to protect the domicile; but under the facts here disclosed the jury were warranted in finding a verdict of manslaughter, and the verdict is not contrary to the evidence in the case. The judgment, therefore, is affirmed.

Affirmed.