BRADY, Justice:
This is an appeal from a judgment of the Circuit Court of Choctaw County, whereby the appellant was found guilty of murder and sentenced to life imprisonment in the state penitentiary. Since the jury resolved the factual disputes, which are numerous, against the appellant and in favor of the state, in our presentation of the facts we will take into consideration the jury verdict as controlling on disputed issues of fact.
On the night of January 23, 1971, a truck driven by Morris Dotson, who was accompanied by Emiah Docher, parked in front of the home of appellant, Nevada At-terberry. Morris Dotson blew his horn two or three times and appellant came out and got in the truck. She sat on the front seat between Morris and Emiah. Shortly thereafter, a car driven by Willie James Miller drove up and parked on the left side of the Morris Dotson truck. In the car with Willie James Miller was Howard Cork, who was seated on the front seat, and Rodgis Miller, who was on the back seat. The appellant either had a 22-cali-ber pistol concealed on her person, or immediately after Willie James Miller’s car stopped she called to her daughter to bring her purse in which was concealed the 22-caliber pistol.
The record discloses that Howard Cork had requested Willie James Miller to carry him to Nevada Atterberry’s home in order to get his work clothes. According to her brother, they had been living there together. Nevada was separated from her husband but not divorced. Cork got out of Miller’s car and took a few steps toward the house. He turned and stopped, apparently because someone had spoken to him. The appellant had gotten out of the truck and walked behind the truck and stood between the truck and the car. It is disputed, but the record discloses, that she said to Howard Cork: “ . . . I told you not to come back to my house no more.” She asserts that she ordered Howard Cork to leave and begged him to leave. She denies that he said “you’re going to have to kill me.” Morris Dotson testified that Howard Cork said: “. . . I am not going anywhere . . . you’re going to have to kill me.” The record shows that she thereupon fired one bullet from her pistol. It struck Howard Cork between the first and second ribs, ranging downward and exploding within him. He fell and spoke no words subsequent to the firing of the pistol nor prior thereto, according to Willie James Miller and Rodgis Miller.
Appellant’s defense is that she could not be guilty of anything other than man *469 slaughter since the deceased was at the time a trespasser, and under the provisions of Mississippi Code 1942 Annotated sections 2221, 2224 and 2225 (1956) he was engaged in violating the law or committing a misdemeanor. Her second contention is that she shot in self-defense, urging, as she and one of her witnesses testified, that Howard Cork moved toward her and “rammed his hand” in his right trousers pocket.
Appellant assigns as error that Instructions 8 and 12 should have been granted. These instructions are as follows:
NO. 8
The court instructs the jury for the Defendant that if from the evidence adduced and offered in this case, it believes that the Defendant, Nevada Atter-berry, did request and beg the deceased, Howard Cork, to depart her premises and to leave them in peace, but the said deceased Howard Cork, refused to depart the premises in accordance with the Defendant’s request, then the said deceased, Howard Cork, was a trespasser and that the Defendant, Nevada Atterberry, was not required by law to yield possession of her premises to the said deceased and that the said Defendant, Nevada Atter-berry, might defend her possession of her premises and might by force, if necessary, evict from her premises the deceased, Howard Cork, who had no right to resist the right of the Defendant, Nevada Atterberry, to evict him, so that the deceased, Howard Cork, was at fault in resisting Defendant’s right to remove him as a trespasser.
NO. 12
The court instructs the jury for the Defendant that under Section 2409.7 of the Mississippi Code of 1942, Recompiled, any person who remains upon the premises of another after having been forbiddened (sic) so to remain upon said premises either orally or otherwise by the owner, custodian, or any authorized person, shall be guilty of a misdemeanor for trespass and that pursuant to Section 2225 of the Mississippi Code of 1942, Recompiled, should this jury believe from the evidence in this case that the deceased, Howard Cork, was forbiddened (sic) to remain upon the premises of the Defendant, Nevada Atterberry, directly and orally by her, then the said deceased, Howard Cork, had done an unlawful act so that the Defendant, Nevada Atterber-ry, shall not be guilty of murder pursuant to said Section 2225 but can only be found guilty or (sic) the crime of manslaughter but that should this jury further believe from the evidence in this case that the Defendant, Nevada Atter-berry, acted in self-defense in the killing of the deceased, Howard Cork, as self-defense has been defined in other instructions for the Defendant then it is your sworn duty to dind (sic) the Defendant, “NOT GUILTY.”
Appellant also assigns as error that Instruction 7 should have been granted.
Appellant’s third error assigned is that the statements of the district attorney referring to her as the “common law wife” were highly prejudicial and for these reasons the case should be reversed.
The appellant relies upon four cases in support of her claim that the lower court erred in refusing to grant her Instructions 8 and 12: Harrell v. State, 218 So.2d 883 (Miss.1969); Bangren v. State, 196 Miss. 887, 17 So.2d 599 (1944); Williams v. State, 122 Miss. 151, 84 So. 8 (1919); and Long v. State, 52 Miss. 23 (1874). These cases are distinguishable from the case at bar.
In Harrell v. State, supra, the deceased was an uninvited guest to a party in the home of appellant. After being ejected, he attempted to reenter, with knife in hand, at which time the fatal shot was fired.
*470 In Bangren v. State, supra, the deceased had been in and out of the appellant’s home several times. The last time he entered was against the wishes of the appellant and an altercation arose. The appellant was “jerked” onto the front porch where the fatal shot was fired.
In Williams v. State, supra, the appellant shot the deceased after being illegally arrested and beaten. He was still in the custody of the individuals who had administered the beating when he drew his gun and shot the deceased.
In Long v. State, supra, the appellant and the deceased were engaged in mutual combat. The deceased drew a knife, at which time the appellant drew a pistol and killed the deceased.
The rule of law as announced in Newman v. State, 222 Miss. 660, 77 So.2d 282 (1955) is controlling here. In that case, we said as follows:
“A mere trespass or entry upon one’s premises other than his dwelling, not amounting to a felony, is not considered sufficient provocation to warrant the owner’s using a deadly weapon in its defense, or sufficient provocation to arouse the degree of passion requisite to reduce from murder to manslaughter his crime in slaying the intruder, notwithstanding the killing may have been necessary to prevent the trespass.” 26 Am.Jur., Section 27, page 173. Again “While the law justifies or excuses the taking of life when necessary to prevent commission of felonies, or in the defense or protection o.f one’s dwelling-house or habitation, one cannot defend his property, other than his habitation, to the extent of killing the aggressor for the mere purpose of preventing a trespass, where the invasion is made without force * * * Generally speaking, a mere trespass is not such provocation as to entitle one to use a deadly weapon or to reduce a killing from murder to manslaughter, unless the trespass is accompanied by the destruction of or injury to lands or goods; and if one deliberately kills another to prevent a mere trespass on property, whether such trespass can or cannot otherwise be prevented, it is murder.” 26 Am.Jur., Section 172, page 272. McDaniel v. State, 16 Miss. 401; Hairston v. State, 54 Miss. 689; McMaster v. State, Miss., 29 So. 522; Wise v. State, 183 Miss. 61, 183 So. 520, 521. (222 Miss. at 676-677; 77 So.2d at 287.)
Instructions 8 and 12 deny the jury the right of considering whether or not the appellant fired the pistol with malice aforethought and whether or not there was a premeditated design on the part of appellant to kill the deceased. It follows, therefore, that the trial court was correct in refusing appellant’s Instructions 8 and 12.
The legal elements of Instruction 7 are all embodied in other instructions granted to the appellant and therefore Instruction 7 was merely cumulative and repetitious. No reversible error, therefore, was committed by refusing to grant appellant this instruction.
The assertions on the part of the district attorney that the appellant was the “common law wife” of the deceased do not fall within the prohibitions of Coleman v. State, 198 Miss. 519, 23 So.2d 404 (1945) because unlawful cohabitation is not harped upon in the trial of this case. The district attorney used the words “common law wife” in order to point out that the deceased was not, in the formal interpretation of the word, a trespasser, but had returned to appellant’s home to obtain his work clothes which he had left there.
The case was well tried and we fail to find any reversible errors which were committed. The jury which tried this case, instead of finding appellant guilty and recommending life imprisonment, under the facts in this case could have been justified in finding her guilty as charged.
*471 For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
RODGERS, P. J., and JONES, INZER and SUGG, JJ., concur.