BROOM, Justice:
The appellant, in a justice of the peace court, was convicted of driving while under the influence of intoxicating liquor. He appealed to the Circuit Court of Rankin County where he again was convicted *349 and from said conviction he now appeals to this Court.
On December 19, 1971, the Mississippi Highway Patrol, together with a constable, had set up a drivers’ license roadblock to check drivers’ licenses on Highway 49 in Rankin County. The testimony of the state was to the effect that appellant was observed to be “weaving” and “hobbling” across the center line as he approached the roadblock where he was stopped. Upon being stopped he was said to be “fumbling” through his billfold while hunting his driver’s license after the constable requested that appellant produce said license. Appellant’s speech was described as “slurred.” During the conversation with ■ the constable, liquor was allegedly smelled on his breath and when asked to get out of the car a scuffle ensued between appellant and the law officers. Several witnesses said appellant was “drunk,” and he was arrested. Subsequently in the Circuit Court of Rankin County the appellant was found guilty of driving while under the influence of intoxicating liquor.
Several assignments of error were made but we deem it necessary to deal with only two assignments. The contention is made by appellant that venue was not adequately charged in the original affidavit, and that the lower court erred in permitting said affidavit to be amended in the circuit court. Mississippi Code 1942 Annotated section 1202 (1956) clearly permits criminal affidavits which were originally filed in the justice of the peace court to be amended in the circuit court. Henry v. State, 253 Miss. 263, 154 So.2d 289, 293, 174 So.2d 348 (1963). We find no error pertaining to the charging of venue, or the amending of the affidavit.
The most serious question presented and argued by the appellant is his contention that the trial court erred in admitting into evidence on cross-examination of appellant his prior record of being convicted of several misdemeanor traffic offenses. It is admitted in the brief of the appellee that, over objection, during cross-examination of appellant, he was by counsel for the state asked about his prior convictions of such offenses as speeding, driving with expired driver’s license and improperly crossing the center line of a public highway. Appellant’s replies to such questions by the state were affirmative.
Mississippi Code 1942 Annotated section 1693 (1956) seems to permit examining any witness about any of his convictions of any crime. This statute was enacted by the Mississippi Legislature prior to 1900. Mississippi Code 1942 Annotated section 8280 (1956) was enacted in the year 1938 and provides in effect that a person convicted of a traffic offense cannot have his credibility impeached for convictions of such offenses as speeding, driving without proper driver’s license and the like, which offenses are within the purview of said section 8280, sufra. Obviously, the two statutes conflict to some extent. Since said section 8280 was enacted subsequent to said section 1693, we hold that the most recently enacted statute, section 8280, would prevail.
Thus, we are confronted with the following question: Did the trial court commit reversible error in allowing appellant to be cross-examined over his objection about his prior convictions of misdemeanor traffic offenses for the obvious purpose of attacking his credibility as a witness in his own behalf? Neither appellant nor appellee has cited any Mississippi case in point on this question.
The appellee urges that this Court should make case law which would be an exception to Mississippi Code 1942 Annotated section 8280 (1956) on the basis that “a driver’s propensity to commit traffic violations of this nature shows a common design for his driving habits.”
Appellant in his behalf cites a number of cases from other states showing that other courts have refused to permit cross-examination or other action to show that a de *350 fendant has been convicted of a misdemeanor traffic violation. We hold that we have no right upon the record before us in this case to ignore Mississippi Code 1942 Annotated section 8280 (1956) and make the exception contended for by the appel-lee. Further, it is not logical that convictions for minor misdemeanor traffic offenses have any bearing upon the credibility or veracity of a witness.
Accordingly, we hold that it was reversible error for the trial court to permit the state on cross-examination of the appellant, over his objection, to elicit from him testimony that he was previously convicted of several traffic offenses within the purview of said section 8280, supra. Therefore, the judgment of the trial court is reversed and this cause is remanded for further action in the court below.
Revérsed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH and SUGG, JJ., concur.