COFER, Justice, for the Court:
The appellant, Willie Mae Miller, was indicted for the murder of John Kennedy in the Circuit Court of Choctaw County. On her trial, she was convicted of manslaughter. She has appealed, assigning as error the court’s refusal to grant certain instructions at her request and that the conviction was against the overwhelming weight of the evidence. Concluding that the record supports none of the assignments of error, we affirm the case.
The appellant operated a restaurant in Ackerman at the time of the alleged crime. This restaurant was next to appellant’s residence and some steps and a door provided access between these areas. She served food and drinks in the cafe and there was a “juke box” for the patrons. The cafe was a public place of business.
The homicide took place in the restaurant after, according to appellant’s defense, she had ordered the victim out of the place of business when he had become involved in an argument with a woman who was threatening to strike her daughter with a pool stick.
Her testimony was to the effect that when she ordered him to leave the premises, he went toward the exit door (not that leading into her living quarters), then turned toward her pointing a finger toward her nose and with his other hand in his pocket, and that she was afraid of him. Under the circumstances of the record, she sought an instruction charging the jury that “. .. under the law, a person has a perfect right to quell a disturbance or difficulty among his guests and to evict from his home and his premises the person or persons guilty thereof and to use such force as may be necessary to accomplish said purpose.”
She based this instruction upon Cotton v. State, 135 Miss. 792, 100 So. 383 (1924), wherein the defendant and others were attending a candy pulling dance, a social gathering, at the victim’s residence. Cotton got into a continuing altercation with other guests of the victim and the victim asked Cotton and others to leave. Instead of *594 complying with his request, Cotton and his brother, one or both, beat him to death. The court granted, and this Court approved, an instruction at the state’s request, in essentially the same language as that requested by appellant as quoted hereinabove.
Refusal of the instruction was on the basis of Atterberry v. State, 261 So.2d 467 (Miss.1972), wherein the Court refused a similar instruction, and this Court held its refusal was not error, citing and quoting from Newman v. State, 222 Miss. 660, 77 So.2d 282 (1955). In the Atterberry case, the appellant had appealed a sentence for the murder of a man upon her premises but not in her dwelling. In the extract quoted from the Newman case, the Newman Court had quoted from 26 Am.Jur., Homicide, section 27, p. 173, which says in part “... one cannot defend his property, other than his habitation, to the extent of killing the aggressor for the mere purpose of preventing a trespass, where the invasion is made without force....” The premises here was a public place, not appellant’s dwelling or habitation, and she was not clothed with the same right to evict Kennedy which she would have had had the situation arisen in her home.
No error was committed in refusing the instruction.
Another instruction refused undertook to instruct the jury on the self defense right of appellant not to flee or to retreat from her assailant, but to stand her ground in the face of such assault. Other instructions were granted sufficiently instructing on self defense and failure to give the one refused was not error.
We view the record as presenting a question properly addressed to the jury, that the record contains ample evidence to support the conviction, and that the verdict was not contrary to the overwhelming weight of the evidence.
The conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.