ROY NOBLE LEE, Presiding Justice,
for the Court:
Lyda Annette Gilmore filed suit against Luther McGill, Inc. and Jake Hosey in the Circuit Court of Jones County, Mississippi, seeking damages for personal injuries sustained in an automobile-truck accident. The jury returned a verdict in favor of McGill and Hosey and Gilmore has appealed to this Court, assigning five (5) errors in the trial below, viz:
I. THE TRIAL COURT ERRED IN REFUSING TO ALLOW FULL INQUIRY ON CROSS-EXAMINATION TO ESTABLISH PRIOR INCONSISTENT STATEMENTS BY THE APPELLEE, JAKE HOSEY, WITH REGARD TO TRAFFIC VIOLATIONS.
II. THE TRIAL COURT ERRED IN REFUSAL TO ALLOW IMPEACHMENT AS TO GENERAL VERACITY OF JAKE HOSEY, APPELLEE, BY MEANS OF DAILY DRIVING LOGS.
III. THE TRIAL COURT ERRED IN REFUSAL TO ALLOW ADMISSION OF DRIVING LOGS AS EVIDENCE OF HABIT TO ESTABLISH CONDUCT IN CONFORMITY WITH THE HABIT OR ROUTINE PRACTICE.
IV. THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE INTRODUCTION OF DR. EDWIN COLE’S DEPOSITION TESTIMONY IN REBUTTAL ON ISSUE OF *865 APPELLANT’S TOLERANCE FOR PAIN AND TENDENCY TO EMBELLISH PAINFUL SYMPTOMS.
Y. THE TRIAL COURT ERRED IN REFUSING TO SET ASIDE THE JURY VERDICT WHICH WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
On July 7, 1981, appellant was driving her automobile west on Highway 98 near Hattiesburg, Mississippi, and Jake Hosey was driving a large tractor-trailer of McGill, loaded with a drilling rig motor, and was following the vehicle driven by appellant. Another truck of McGill, driven by Glen Douglas, was following the Hosey truck. Evidence for appellant and appel-lees is in direct conflict as to how the accident occurred.
Appellant testified that she was driving around 45 mph and the Hosey truck, traveling at a high and unreasonable rate of speed, approached and followed closely behind her automobile for 2½ to 8 miles; that she was frightened by the truck; that she came to an intersecting road, turned her blinker signal on, and, as she was pulling to the right off the road, the Hosey truck struck her vehicle in the rear, forcing her into and down the turn off road; that the trucks did not stop; and that she was able to start her car and overtake them at a store, where she took identifying information from the trucks and drove off.
According to testimony of Hosey and Douglas, appellant would speed up her car and slow down, which required the trucks to slow down and made it difficult for them to regain speed with their heavy loads; that this occurred for at least 2½ miles; that appellant suddenly turned off the road without blinking the turn signal, almost stopping in order to make the turn; that Hosey drove to the left and slightly struck the vehicle as it was turning off the road, the impact only pushing appellant’s vehicle down such road; that they were unable to stop because of the danger involved on the winding highway and drove until they came to a rural store, where they stopped; that shortly thereafter, the appellant’s vehicle came along, appellant stopped and inquired who struck her; that Hosey admitted he was the driver of the truck and wanted to call the police, but appellant said she would handle her own business without the police, and drove off.
I.
In a deposition given by Hosey, he was asked by appellant’s attorney, how many traffic tickets he had received in the last year and he replied, “Approximately one.” On the trial, he was asked how many he had received and Hosey responded, “one or two.” The appellant’s attorney then asked if he had not received five traffic tickets in the past three years. An objection was made and sustained to the question. Appellant assigns as error the sustaining of the objection.
Section 63-9-15, Mississippi Code Annotated (1972), prohibits showing a conviction of violating traffic regulations, less than a felony, viz:
§ 63-9-15. Conviction for Traffic Violation Not to affect credibility of witness.
The conviction of a person upon a charge of violating any provision of chapters 3, 5 or 7 of this title, or other traffic regulation, less than a felony, shall not affect or impair the credibility of such person as a witness in any civil or criminal proceeding.
In Jones v. State, 268 So.2d 348 (Miss.1972), the question was presented to this Court, which reversed because the lower court permitted introduction of such evidence, saying:
Appellant in his behalf cites a number of cases from other states showing that other courts have refused to permit cross-examination or other action to show that a defendant has been convicted of a misdemeanor traffic violation. We hold that we have no right upon the record before us in this case to ignore Mississippi Code 1942 Annotated section 8280 (1956) and make the exception con *866 tended for by the appellee. Further, it is not logical that convictions for minor misdemeanor traffic offenses have any bearing upon the credibility or veracity of a witness.
Accordingly, we hold that it was reversible error for the trial court to permit the state on cross-examination of the appellant, over his objection, to elicit from him testimony that he was previously convicted of several traffic offenses within the purview of said section 8280, supra. Therefore, the judgment of the trial court is reversed and this cause is remanded for further action in the court below.
268 So.2d at 349, 350.
We are of the opinion that the lower court correctly sustained the objection, following the statute. Further, under the facts of this case, appellant was attempting to impeach Hosey upon a collateral and immaterial matter. Kelly v. State, 278 So.2d 400 (Miss.1973); Holden v. State, 226 Miss. 726, 85 So.2d 208 (1956).
II. and III.
Appellant attempted to introduce driving logs of Hosey on days previous to the accident for the purpose of showing that Hosey drove distances in a time frame which reflected speeds at 55 miles per hour or more. Thereby, she was attempting to impeach the veracity of Hosey and establish his driving conduct from the habit or routine practice indicated by such driving logs. Objection was sustained to the introduction of such evidence.
Habit or course of conduct previous to an accident are inadmissible when there are eye-witnesses to such accident. In the present case there were three eye-witnesses. The lower court did not abuse its discretion in sustaining the objection Ellis and Williams, Mississippi Evidence, § 5-6 (1983); McCormick, Evidence § 195 (2d ed. 1972).
We also note the appellant testified that Hosey followed her for approximately three miles, and that she was driving 45 miles per hour. Obviously, it would have been impossible for Hosey to drive 50-55 miles per hour, driving closely behind her vehicle for such a distance, without passing or running over her.
IY. and V.
The appellant contends under Assignment Number IV that the lower court erred in declining to admit testimony in rebuttal of Dr. Edwin Cole on the issue of appellant’s tolerance to pain, and, under Assignment Number V, that the verdict of the jury was contrary to the overwhelming weight of the evidence. The lower court sustained an objection to the testimony of Dr. Cole in rebuttal on the ground that such testimony should have been introduced on appellant’s case in chief and was not proper rebuttal.
We are of the opinion that the lower court did not abuse its discretion in declining to admit such testimony, particularly in view of the fact that the issue of liability was resolved against the appellant.
Likewise, the evidence constituted a jury question and was supported by the evidence.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., and HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.