996 So.2d 165 (2008)
Arthur PARSONS, Jr. and Angela Parsons, Husband and Wife, Appellants
v.
MISSISSIPPI STATE PORT AUTHORITY AT GULFPORT, and Mississippi Development Authority, Appellees.
No. 2007-CA-02095-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*166 Danny E. Cupit, Tracy Michelle Walker, Mary Jo Woods, Jackson, attorneys for appellants.
Ben Harry Stone, Jonathan Paul Dyal, M. Brant Pettis, Gulfport, attorneys for appellees.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. This case presents, as a matter of first impression, the issue of whether the Mississippi Tort Claims Act, Mississippi Code Annotated sections 11-46-1 to -23, supersedes the Mississippi Emergency Management Law, Mississippi Code Annotated sections 33-15-1 to -53. We conclude that the Mississippi Tort Claims Act (MTCA) has not superseded the Mississippi Emergency Management Law (MEML) as they can be read in conjunction with each other. Accordingly, we affirm the trial court's order to dismiss.

FACTS AND PROCEDURAL HISTORY
¶ 2. On August 29, 2005, Hurricane Katrina made landfall on the Mississippi Gulf Coast. Throughout the fury of the storm, the wind and water carried by the storm caused unfathomable damage to the Mississippi Gulf Coast. Arthur and Angela Parsons are among the thousands of unfortunate souls to lose their possessions during the storm.
¶ 3. On February 12, 2007, the Parsonses filed suit in the Circuit Court of Harrison County against the Mississippi Port Authority (MPA) and the Mississippi Development Authority (MDA). The Parsonses argue that the MPA and the MDA were negligent in the preparation and performance of their duties before and during the storm at the Port of Gulfport by failing to properly secure and/or remove any potential flying debris from the Port of Gulfport pursuant to the prepared hurricane procedural manual. The Parsonses allege that during the storm, a shipping cargo container, owned by a tenant of the Port of Gulfport, was carried onto the Parsonses' property and caused the total destruction of their house, personal belongings, automobiles, and personal property.
¶ 4. The MPA and the MDA filed a motion to dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. The Parsonses corrected service of process and left the Rule 12(b)(6) motion for the trial court to entertain. After hearing arguments from both parties, the trial court concluded that the MPA and MDA were immune from claims involving pre-emergency preparedness and post-emergency response, recovery, and mitigation pursuant to Mississippi Code Annotated sections 33-15-5 (Rev. 2008) and 33-15-21 (Rev.2008), and dismissed the action.
¶ 5. The Parsonses then filed a motion to amend the order requesting that final judgment be entered pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. The trial court granted the Parsonses' motion and entered a final judgment.
¶ 6. The Parsonses appeal the trial court's ruling arguing that the court applied the incorrect law. Specifically, they argue that the MTCA has superseded the MEML; thus, the trial court should have *167 applied the MTCA rather than the MEML.

STANDARD OF REVIEW
¶ 7. We review de novo a dismissal for failure to state a claim upon which relief can be granted, and will affirm only if the defendant can show beyond doubt that the moving party failed to state a claim upon which relief can be granted. M.R.C.P. 12(b)(6); see Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 893(¶ 4) (Miss.2006). In considering the grant of a motion to dismiss, "the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim." Saul v. Jenkins, 963 So.2d 552, 553-54(¶ 5) (Miss.2007) (citations omitted).

WHETHER THE MISSISSIPPI TORT CLAIMS ACT HAS SUPERSEDED THE MISSISSIPPI EMERGENCY MANAGEMENT LAW.
¶ 8. The Parsonses argue that the MTCA is the exclusive avenue for claims against the state or any of its agencies. The MTCA reads, in pertinent part, as follows:
(1) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.
Miss.Code Ann. § 11-46-7(1) (Rev.2002). It is undisputed that the MPA and MDA are government agencies of the State of Mississippi. See Miss.Code Ann. § 59-5-1 to -69 (Rev.2004) and Miss.Code Ann. § 57-7-1 to -13 (Rev.2008). Thus, the Parsonses argue that any claim against the MPA or MDA must be brought under the MTCA as it is the sole remedy for claims against state agencies.
¶ 9. The trial court agreed that MPA and MDA were government agencies, but held that the MPA and MDA were immune under the emergency management exception of the MEML, which reads in relevant part:
(a) Neither the state nor any political subdivision thereof, nor other agencies, nor, except in cases of willful misconduct, the agents, employees, or representatives of any of them engaged in any emergency management activities, while complying with or attempting to comply with this article or any rule or regulation promulgated pursuant to the provisions of this article, shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.
Miss.Code Ann. § 33-15-21(a) (Rev.2008).
¶ 10. "Where statutes are ambiguous or in conflict with one another, it is proper to resort to the rules of statutory construction." Miss. Gaming Comm'n v. Imperial Palace of Miss., Inc., 751 So.2d 1025, 1028(¶ 11) (Miss.1999). "The polestar consideration for this Court is legislative intent." Id. "In determining legislative intent[,] we first look to the words used in the statute." Id. at (¶ 12).
¶ 11. The Parsonses assert that the MTCA has superseded the MEML because it is a later-enacted law. A familiar rule in statutory interpretation is that the last expression of the Legislature must *168 prevail over the former. Jones v. State, 268 So.2d 348, 349 (Miss.1972). Section 33-15-21 of the MEML, which grants immunity to state agencies during emergencies, was originally enacted in 1952 with the most recent effective date of May 9, 1980.[1] It has not been reenacted or amended since its passage in 1980.
¶ 12. The Legislature passed the MTCA over ten years after the last passage of the MEML.[2] The relevant sections of the MEML have not been amended since its original enactment. Thus, the Parsonses argue, the MTCA, as a later statement by the Legislature, should prevail over the MEML.
¶ 13. The Parsonses also contend that Mississippi Code Annotated section 11-46-5 (Rev.2002) states that the MTCA is the sole method of pursuing a claim against the state and its political subdivisions. Mississippi Code Annotated section 11-46-5 reads, in relevant part, as follows:
Notwithstanding ... the provisions of any other law to the contrary, the immunity of the state and its political subdivisions... is hereby waived from and after July 1, 1993, as to the state, and from and after October 1, 1993, as to political subdivisions....
Miss.Code Ann. § 11-46-5(1). The Parsonses urge that this language indicates the Legislature's intent for the MTCA to supersede the MEML. The Parsonses cite to Mississippi Gaming Commission v. Imperial Palace of Mississippi, Inc., 751 So.2d 1025 (Miss.1999) in support of their contention. In that case, our supreme court was faced with interpreting whether race books would be allowed in a casino. Imperial Palace, 751 So.2d at 1026. The court examined various statutes in reaching its conclusion. Mississippi Code Annotated section 75-76-55 (Rev.1991) provides that it is unlawful to carry on any gambling activity, including race books, without first obtaining a gaming license. Imperial Palace, 751 So.2d at 1027(¶ 9). Mississippi Code Annotated section 75-76-89(2) (1991) further provided that a person could establish a race book on a gaming operation premises after obtaining permission. Imperial Palace, 751 So.2d at 1027. However, Mississippi Code Annotated section 75-76-33(3)(a) (Supp.1999) states that "[n]otwithstanding any other provision of law ... [n]o wagering shall be allowed on the outcome ... of any event which does not take place on the premises." Imperial Palace, 751 So.2d at 1027-28(¶ 10).
¶ 14. Faced with these conflicting statues, the court concluded that the notwithstanding clause found in Mississippi Code Annotated section 75-76-33(3)(a) "is effective regardless of other statutes to the contrary." Id. at 1029-30(¶ 18). In reaching this conclusion, the court reasoned that "[i]f the Legislature had wanted to exempt race books from the prohibition, it could *169 have done so by including language excluding race books." Id. at 1028(¶ 12).
¶ 15. The Parsonses argue that this Court should apply the same reasoning and give effect to the notwithstanding clause in Mississippi Code Annotated section 11-46-5. The Parsonses contend that the Legislature deliberately placed the notwithstanding language in Mississippi Code Annotated section 11-46-5 to provide that the MTCA is the only means of applying governmental immunity; if the Legislature had desired, it could have put language in the MTCA excluding emergency activities. Thus, according to the Parsonses, the Legislature's failure to put such exclusionary language in the MTCA evidences its intent to include emergency situations in the MTCA.
¶ 16. However, our supreme court has stated the best evidence of the Legislature's intent is the actual text of the statutes. Pegram v. Bailey, 708 So.2d 1307, 1314 (Miss. 1997).
¶ 17. Mississippi Code Annotated section 11-46-9(1)(f)(Supp.2008) states: "A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . which is limited or barred by the provisions of any other law." This section of the MTCA clearly allows other immunities to remain in effect after its passage.
¶ 18. Mississippi Code Annotated section 33-15-21 of the MEML provides in part: "Neither the state ... nor other agencies, ... while complying with or attempting to comply with this article or any rule or regulation promulgated pursuant to the provisions of this article, shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity." See Miss.Code Ann. § 33-15-21(a). This section of the MEML provides immunity to the state and its agencies for liability occurring during emergency situations.
¶ 19. A detailed review of these statutes leads this Court to conclude that the MTCA and the MEML can be read in conjunction with each other and that the MTCA has not superseded the MEML. Statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each. Roberts v. Miss. Republican Party State Executive Comm., 465 So.2d 1050, 1052 (Miss.1985). The MTCA provides that it is the exclusive remedy against the state and its agencies and, thus, is applicable in the instant case. However, under Mississippi Code Annotated section 11-46-9(1)(f), claims that are limited or barred by other provisions of law are exempted from liability under the MTCA. The MEML is one such law that allows the state and its agencies to be immune from liability stemming from its activities during emergency situations. Following the rules of statutory construction, the two statutes can be read together to provide immunity for the state and its agencies for its activities during times of emergency management while simultaneously being exempt from liability under the MTCA.
¶ 20. This suit falls within the MTCA because it is a claim against state agencies, but because of Mississippi Code Annotated section 11-46-9(1)(f) of the MTCA and the MEML working together, the MPA and MDA are immune from liability stemming from emergency management activities. Accordingly, the MTCA has not superseded the MEML as the two can be read in harmony.
¶ 21. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS *170 OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The law which grants immunity to state agencies during emergencies was enacted in 1952 by Laws of 1952 chapter 312 section 11 with an effective date of April 16, 1952.
[2] The relevant sections of the MTCA were passed after the enactment of the MEML. Mississippi Code Annotated section 11-46-5 (Rev.2002) of the MTCA, which provides waiver of immunity, was enacted in 1984, but it was amended in 1992, with an effective date of May 12, 1992. It has not been amended or reenacted since 1992. Mississippi Code Annotated section 11-46-7, which states that MTCA is the exclusive remedy for any claim against a government entity, was enacted in 1984. However, it was amended in 1993, with an effective date of April 1, 1993. It has not been reenacted or amended since 1993. Mississippi Code Annotated section 11-46-9, which lists specific instances that trigger governmental immunity, was originally enacted in 1984, and its latest amendment occurred in 2007.